Argued and submitted July 17, reversed and remanded October 2, 1985

In the Matter of the Compensation of
Alfonso Rogers, Claimant.
ROGERS,
*Petitioner,*

*v.*

TRI-MET,
*Respondent.*
(83-07484; CA A34574)
706 P2d 209

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Associates, Eugene.

Mildred J. Carmack, Portland, argued the cause for respondent. With her on the brief were William H. Replogle and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

Claimant seeks review of a Workers' Compensation Board decision upholding a referee's order which upheld a determination order closing his claim as of January 8, 1983. The Board also ordered that the claim be reopened as of January 4, 1984. Claimant asserts that the original closure was improper and that he is therefore entitled to temporary total disability payments for the year during which the claim was closed. We agree and therefore reverse and remand.

Claimant injured his left elbow when he was six years old. An operation at that time included the removal of part of the elbow, and the joint was left in a weakened condition. However, claimant had no further difficulties with it until 1979, while he was working as a bus driver for Tri-Met. A garbage truck ran a stop sign, and claimant had to stop his bus quickly in order to avoid an accident. He dislocated his elbow. Because of the pre-existing weakness, the elbow remained unstable and could not be restored to its pre-injury condition. In 1980, claimant received a permanent partial disability award of 86.4 degrees for 45 percent loss of his left arm. However, the claim had to be reopened the following year. As time passed, the elbow caused claimant increasing pain, radiating down to his hand, apparently in part because the elbow's position stressed the ulnar nerve. An operation in 1982 to move the nerve to a better location provided little benefit.

The slowness of the injury to resolve, and claimant's continuing pain, produced mental difficulties, including depression, irritability and frustration. Claimant reported these problems when he was at the Callahan Center in September, 1981, and references to them appear in some of the medical reports thereafter, through November, 1982, when Tri-Met arranged for a psychiatric evaluation by Dr. Voiss. The result of that evaluation, if it occurred, does not appear in the record, but on February 17, 1983, Voiss reported that claimant was then keeping his appointments on a regular basis. The obvious inference is that claimant had begun treatment with Voiss sometime before that date. Claimant continued with Voiss until April, 1983, and began again with a different therapist, considerably closer to his home, in November, 1983. By that time, he was having memory lapses and blackouts, as well as chronic pain and other problems.

■■ The February 9, 1983, determination order at issue here was based solely on an evaluation of claimant's *physicial* condition. As to that condition, it was correct under the record as it existed at the time of the order. However, the failure to consider claimant's injury-produced psychological problems was erroneous. The references to his psychological state in the file were sufficient to require the Closing and Evaluation Division to determine whether that condition was medically stationary. Tri-Met had recognized as much when it sought the psychiatric evaluation. Claimant was apparently in therapy when the determination order was issued, yet there was no report from his psychiatrist concerning his current status. As a result, there was no evidence that would support a finding that his mental condition was medically stationary. The department erred in issuing the challenged determination order, and the referee and the Board erred in upholding it.

Reversed and remanded.