Argued and submitted November 2, reversed and remanded December 30, 1987

In the Matter of the Compensation of
Leonila C. Utrera, Claimant.

UTRERA,
*Petitioner,*

*v.*

DEPT. OF GENERAL SERVICES et al,
*Respondents.*

(WCB 85-14220; CA A42877)

747 P2d 405

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's determination that her claim was not prematurely closed and that she is not entitled to additional permanent partial disability.

At the time of claim closure, November 8, 1985, all medical reports indicated that claimant was medically stationary from a physical standpoint. By that time, however, at least two doctors had diagnosed significant depression, and she had been referred for pain therapy. Not until six months later did Dr. Friedman, a psychologist, expressly state that claimant's psychological condition was related to her compensable injury and that she was not psychologically stationary. His opinion does not state that she was not psychologically stationary at the time of claim closure; however, that conclusion is implicit, because Friedman was treating her for the same depressive condition that had been identified before the claim was closed, and it had only improved since that time.

■■ A claimant's psychological condition should be considered in determining whether the claim should be closed. *Rogers v. Tri-Met,* 75 Or App 470, 706 P2d 209 (1985). Although Friedman's report was not available at the time of closure, it was available at the time of the hearing, and the referee and the Board should have considered it in determining whether claimant's condition was psychologically stationary at the time of closure. *Scheuning v. J. R. Simplot & Company,* 84 Or App 622, 735 P2d 1, *rev den* 303 Or 590 (1987).

Reversed and remanded.