Argued and submitted November 15, 1984, affirmed April 10, 1985

In the Matter of the Compensation
of Eugene A. Page, Claimant.

## JELD-WEN, INC.,
*Petitioner - Cross-Respondent,*

*v.*

## PAGE,
*Respondent - Cross-Petitioner.*

(80-05763, 80-07722; CA A31401)

698 P2d 61

Brian L. Pocock, Eugene, argued the cause and filed the briefs for petitioner - cross-respondent.

Mark Andrew Lange, Salem, argued the cause and filed the brief for respondent - cross-petitioner.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Jeld-Wen, Inc., seeks review of an order of the Workers' Compensation Board which held that claimant's psychological condition is related to his compensable physical injury. Claimant cross-petitions, arguing that the referee's award of 50 percent unscheduled disability for his back injury should not have been reduced by the Board to 40 percent. We affirm.

Claimant suffered a compensable injury to his neck, left shoulder and arm on May 8, 1979, when he slipped on a ladder and caught himself with his left hand. He later suffered a compensable injury to his low back on December 20, 1979, when he was pushing a heavy load of door skins.

In April, 1982, claimant was hospitalized for paranoid psychosis. On July 15, 1982, employer denied responsibility for his psychological condition with respect to either the May or December, 1979, injuries. Claimant's hospitalization stemmed from his belief that, since late 1981, employer or its insurance department had hired individuals to follow and spy on him. There was no evidence that Jeld-Wen ever actually had hired anyone to maintain surveillance of claimant. Both the referee and the Board concluded that claimant's psychiatric condition was compensably related to his physical injuries.

The parties are in substantial disagreement as to what standard applies to determine whether claimant's psychiatric condition is compensably related to his physical injuries. Jeld-Wen argues that claimant must establish that one of the 1979 injuries was the major contributing factor in the development of his psychological condition, relying on *McGarrah v. SAIF,* 296 Or 145, 675 P2d 195 (1983), and *Elwood v. SAIF,* 67 Or App 134, 676 P2d 922 (1984), *rem'd for further proceedings* 298 Or 429, 693 P2d 641 (1985), *decision on remand* 72 Or App 771, 697 P2d 567 (1985). Neither of those cases is applicable to the facts in the case at bar. Both are occupational disease cases that deal with the problem of establishing whether a claimant's psychological condition stems from actually existing mental stresses which were related to his employment and were the major contributing factor in causing the disability. Occupational disease cases concerning the psychological effects of mental stress involve unique proof problems and have a distinct set of standards

from those applicable to the present case.

A claimant asserting the compensability of a psychiatric condition following an industrial injury must prove by a preponderance of the evidence that the work-related injury was a material cause of the condition, or, if the claimant's mental condition predated the injury, that the injury worsened that preexisting condition. *See Partridge v. SAIF,* 57 Or App 163, 167, 643 P2d 1358, *rev den* 293 Or 394 (1982). We conclude that claimant sustained his burden. There is no evidence of a paranoid psychosis in his medical history before the compensable accident. His paranoid delusions related to his employer or its insurance department and their perceived attempts to deny him compensation for his physical injuries. Thus, it appears that his work-related injury was the initial seed for his perception of persecution. It is also clear that the appearance of symptoms of his psychological disease followed his compensable physical injury and that he required medical services.

Dr. Thompson, claimant's treating psychiatrist, concluded that his paranoid psychosis did not precede, and was directly related to, his work injuries. The doctor considered claimant's personal and medical history, his family life and information gleaned through the course of his treatment in arriving at the conclusion that stress associated with his work injuries caused his psychological disease.

Dr. Koutsky testified for employer that, in his opinion, "paranoia is a progressive illness that is most likely a hereditary condition." He reviewed material on claimant provided by employer and interviewed claimant on one occasion. He acknowledged that there is no evidence in claimant's medical history before the injuries that indicates a psychotic condition. It was his opinion that claimant's work injuries were not "a major contributing factor" to his psychological illness and that "the physical injury would at most be a precipitating stress to an already preexisting condition." In a letter of July 8, 1982, Dr. Koutsky inferred that claimant's illness preexisted his work injuries from his understanding of the general nature of the illness and from his belief that claimant "has not responded to antipsychotic medication and good psychiatric treatment * * *." The basis of his opinion is somewhat undercut by his testimony on November 3, 1982,

that claimant appeared to be better and "that the treatment program, from a psychiatric viewpoint, appears to be a successful one as it continues." In addition, Dr. Koutsky's opinion that claimant's physical injuries were not a major causative factor in his paranoia may have been influenced by his "personal opinion, that compensation of this variety tends to prolong mental, and emotional disabilities, standing in the way of successful recovery and rehabilitative efforts."

We are not persuaded by Dr. Koutsky's testimony. His opinion that claimant's work-related injuries were not "a major contributing factor" to his psychological illness is not helpful. It is addressed to the occupational disease standard and does not address the question whether the work injury was a material cause. Furthermore, his opinion that claimant had a preexisting condition which was not made worse by his work injuries appears to be based on his concept of the nature of psychological disorders rather than on an examination of claimant. His opinion that claimant had a preexisting mental disorder is not persuasive in the light of his admission that nothing in claimant's prior medical history indicates a psychiatric disorder and that the condition did improve with treatment.

There is no question that claimant's psychological condition was stable before his injuries. The appearance of symptoms of paranoid psychosis in 1982 was most likely associated with either the onset or worsening of his psychotic condition. We find Dr. Thompson's opinion that claimant's psychosis was caused by his work injuries and subsequent related events persuasive. It is clear from this evidence that the compensable physical injury was a material factor in causing his psychological disorder. Claimant has established by a preponderance of the evidence that his psychological condition is compensably related to his compensable physical condition.

On claimant's cross-petition, we find on *de novo* review that the Board's award of 40 percent unscheduled permanent partial disability for claimant's back condition is adequate.

Affirmed.