Argued and submitted March 4, affirmed on petition and on cross-petition
November 2, 1988

In the Matter of the Compensation of
Rozalia Mal, Claimant.

MAL,
*Petitioner - Cross-Respondent,*

*v.*

UNIQUE BUILDING MAINTENANCE CO. et al,
*Respondents - Cross-Petitioners.*

(WCB 84-06350, 85-09396; CA A44114)

763 P2d 751

James L. Edmunson, Eugene, argued the cause for petitioner - cross-respondent. With him on the briefs were Karen M. Werner, and Malagon & Moore, Eugene.

Jerry K. Brown, McMinnville, argued the cause for respondents - cross-petitioners. With him on the brief was Cummins, Cummins, Brown, Goodman & Fish, P.C., McMinnville.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of a Worker's Compensation Board order reversing the referee and holding that claimant failed to prove that her carpal tunnel syndrome is compensable. Employer cross-petitions from the portion of the Board's order holding that claimant's psychiatric disorder is compensable. On *de novo* review,[1] we affirm.

Claimant, 51 years old at the time of the hearing, began working for employer as a janitress in 1982. In June 1983, she suffered a compensable low back injury. Several doctors treated her in 1983 for that injury. The claim was closed by a determination order on February 9, 1984, with an award of temporary total disability. On March 2, 1984, she began treatment for her back with Dr. Eric Long. He also referred her to a psychiatrist, Dr. Deale. On August 7, 1984, she complained to Long of upper back and shoulder pain, as well as coldness in her hands. Long diagnosed bilateral carpal tunnel syndrome and concluded that the condition was unrelated to her 1983 injury. In January, 1985, Long performed nerve conduction studies which revealed deficits in claimant's median nerves bilaterally and in her upper right ulnar nerve. That confirmed his diagnosis of the syndrome. At that time, claimant indicated to him that her upper extremity problems first began while working for employer. Long concluded that claimant's carpal tunnel symptoms "appear to relate to work activity while employed by [employer] though not clearly to the low back incident." On January 14, 1985, claimant filed a claim for bilateral carpal tunnel syndrome, which was denied by employer.

In February, 1985, Dr. Wilson examined claimant at the request of employer and performed nerve conduction studies. On the basis of those studies, he concluded that her symptoms were unrelated to carpal tunnel syndrome and to her work activities with employer. Dr. David Long also examined claimant. He reported that he had first examined her in late 1984 and that, at that time, she had not mentioned any problems with her upper extremities. After his examination, he concluded that there was no relationship between claimant's

---

[1] The petition for review in this case was filed before the effective date of Or Laws 1987, Or 884, § 12.

upper extremity complaints and her work activities or her back injury. Dr. Nathan testified that he did not believe that claimant's condition was causally related to her work but concluded that it was idiopathic in origin.

■    In order to establish that her condition is compensable, claimant must prove by a preponderance of the evidence that her work activities were the major contributing cause of her condition. *Dethlefs v. Hyster Co.,* 295 Or 298, 667 P2d 487 (1983); *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1980).

■    We conclude that claimant has failed to meet that burden. She offered the testimony of Dr. Eric Long, the only doctor to find that the carpal tunnel syndrome was work-related. We find that that testimony is insufficient to sustain claimant's burden of proof. His opinion was dependent on claimant having experienced upper extremity symptoms before her 1983 back injury and her departure from work.[2] However, claimant did not establish that. She saw several doctors during 1983 and 1984, but she never expressed any complaints regarding her upper extremities until August, 1984. Although she testified at the hearing that she first experienced pain while working for employer, that testimony was inconsistent with her failure to mention it to the physicians who treated her for her 1983 injury and with other statements that she had previously made. During a 1983 back examination, she specifically denied having aches or pains in any other joints in her body. On August 28, 1984, when asked by Long, she clearly stated that she had not experienced pain while working for employer.[3]

An additional problem with Long's opinion is that, although he was aware of claimant's work-related activities,

---

[2] Although at one point Long stated that his opinion would not change if she had first experienced symptoms two months after she left her employment, he later stated that, if she did not experience symptoms until that time, it was improbable that her condition was work-related.

[3] Claimant contends that Long's opinion is entitled to more weight, because he was her treating physician. Although he worked with her for a substantial period of time, he first examined her over nine months after she stopped working for employer. Consequently, he has no greater insight as to when and if she experienced upper extremity pain during her employment with employer, or the particulars of that pain, than any other physician in this case might have. *See Kienow's Food Stores v. Lyster,* 79 Or App 416, 421, 719 P2d 890 (1986).

he testified that he was not aware of her non-work-related activities, and there is no evidence that he was aware of her general activities after she stopped working for employer. *See Blakely v. SAIF,* 89 Or App 653, 656, 750 P2d 528, *rev den* 305 Or 672 (1988). Without some knowledge of a claimant's other activities or an explanation of why, in a particular case, the knowledge is unnecessary, a conclusion that a claimant's work-related activities are the *major* contributing cause is not persuasive.

The other medical evidence in this case also does not support the claim. All of the other doctors who rendered opinions either found that claimant was not suffering from carpal tunnel syndrome or that her condition was not work-related. In view of the inconsistencies in claimant's evidence and the substantial contrary evidence, we conclude that she has not sustained her burden of establishing that her work-related activities were the major contributing cause of her condition.

Employer cross-petitions from the Board's order affirming the compensability of claimant's psychiatric condition. It contends that claimant did not sustain her burden of establishing, by a preponderance of the evidence, that her work-related injury was a material cause of her psychiatric disorder. *Jeld-Wen, Inc. v. Page,* 73 Or App 136, 139, 698 P2d 61 (1985).

Deale, who treated claimant for her psychiatric problems, concluded that a material cause of claimant's condition was the long term pain which she had suffered as a result of her back injury. Employer contends, however, that we should not give Deale's opinion much weight, because there was no indication in her reports that she was aware of claimant's complete medical history. Specifically, employer contends that she was not aware that claimant suffered a non-industrial back injury in November, 1983, and that all of her treating doctors for the June, 1983, injury agreed that her back problems resulting from that injury had completely resolved before the November, 1983, injury. However, not all of claimant's treating doctors found that claimant's June injury had completely resolved by November, 1983. In addition, although it is unclear whether Deale was aware of claimant's second injury, we do not believe that that fact is decisive. Deale's opinion was based on at least five visits with claimant over a three month

period and an extensive review of her medical history. In the light of her extended consultation with claimant and her review of her medical history, Deale's opinion that the June injury was a material cause of her psychiatric disorder is persuasive.

■ Employer argues that the opinion of Dr. Parvaresh, who also examined claimant, is more persuasive. He concluded that "her back problem is not a *major contributing factor* to her depression" and that, in comparison, claimant's cultural and social problems had contributed more to her condition.[4] Parvaresh's opinion is not determinative, however, because it addressed the occupational disease standard, whether the condition was the major contributing cause of her condition, but he did not address the question of whether the work injury was a *material* cause, which is the correct standard. *See Jeld-Wen, Inc. v. Page, supra* 73 Or App at 140. The Board did not err in holding claimant's psychiatric disorder compensable.

Affirmed on petition and on cross-petition.

---

[4] She emigrated from Russia in 1976 and has some cultural and language difficulties.