Argued and submitted January 18, affirmed July 24, 1991

In the Matter of the Compensation of
Randolph P. Gaul, Claimant.

NORDSTROM, INC.,
*Petitioner,*

*v.*

Randolph P. GAUL,
*Respondent.*

(WCB 88-04876; CA A64421)

815 P2d 710

Mildred J. Carmack, Portland, argued the cause for petitioner. On the brief were Ridgway K. Foley, Jr. and Schwabe, Williamson & Wyatt, Portland.

James Edmunson, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Employer seeks review of a Workers' Compensation Board order that affirmed the referee and held that claimant's injury was a material contributing cause of his psychological condition and, therefore, that that condition was compensable. We affirm.

The Board adopted the referee's findings. On July 25, 1987, claimant injured his back at work. He could not thereafter perform the same tasks. Employer accepted the injury claim. On April 27, 1988, a determination order awarded claimant time loss benefits and permanent partial disability for the injury.

During roughly the same period, claimant was beset by tragedy. His father died, his brother molested his daughter and, later, died of hypothermia, his sister was raped and murdered, his mother developed cancer and had open heart surgery and his daughter was molested again. On March 9, 1988, Dr. Richard recommended exercise for the injury and antidepressants and counseling "for [claimant's] family problems." On March 24, Dr. Pasquesi diagnosed claimant as physically impaired due to the injury and "under a great deal of stress, both from his industrial accident and also from other unrelated problems." Claimant saw a psychologist, Dr. Worthington, on May 26. He diagnosed "major depression, single episode, with melancholia * * * related to a number of material contributing factors, including the pain and overall life disruption caused by [claimant's] physical injury, as well as the various family concerns." On June 2, employer denied that claimant's psychological condition was compensable.[1]

Claimant requested a hearing on employer's denial and on the April determination order. He asserted that the determination order was issued prematurely because, among other things, his psychological condition was compensable and was not stationary when the determination order was issued.

---

[1] Claimant made a claim for a psychological condition by letter to employer on May 23, 1988. *See* ORS 656.262(2).

The Board found that the psychological condition was compensable, because claimant had proved by a preponderance of the evidence that the injury was a material contributing cause of it. The Board also found that the determination order was issued prematurely, because it did not address claimant's psychological condition, and that there was a reasonable medical expectation at the time when his claim was closed that treatment would improve that condition. Finally, the Board increased claimant's temporary total disability rate to include incentive pay that he received while employed.

Employer assigns error to the Board's ruling that claimant had to prove by a preponderance of the evidence that the injury was a material contributing cause of the psychological condition. It argues that the Board applied the wrong legal standard, because claimant had a claim for a mental disorder as an occupational disease under ORS 656.802(2)(d). Accordingly, it asserts that the psychological condition was not compensable, because he did not prove by clear and convincing evidence that the injury was the major contributing cause of it.

■ Claimant does not make an occupational disease claim. In *Jeld-Wen, Inc. v. Page,* 73 Or App 136, 698 P2d 61 (1985), the claimant suffered a compensable physical injury and was hospitalized roughly three years later for paranoid psychosis. We held that the claimant had sustained his burden of proving that the psychological condition was compensable:

"A claimant asserting the compensability of a psychiatric condition following an industrial injury must prove by a preponderance of the evidence that the work-related injury was a material cause of the condition * * *." 73 Or App at 139.

We adhered to that rule in *Grace v. SAIF,* 76 Or App 511, 515, 709 P2d 1146 (1985), *Wilkerson v. Davila,* 88 Or App 298, 299, 744 P2d 1331 (1987), and, most recently, in *Mal v. Unique Building Maintenance Co.,* 93 Or App 703, 763 P2d 751 (1988). In the last case, the employer argued that the claimant's psychological condition was not compensable, because a psychiatrist had stated that her compensable back injury was not the major contributing cause of it. We held that the psychological condition was compensable:

"[The psychiatrist's] opinion is not determinative * * * because it addressed the occupational disease standard, whether the condition was the major contributing cause of her condition, but he did not address the question of whether the work injury was a *material* cause, which is the correct standard. *See Jeld-Wen, Inc. v. Page, supra,* 73 Or App at 140." 93 Or App at 708.

The Board applied the correct legal standard here.

■ Employer also assigns error to the Board's finding that the injury was a material contributing cause of the psychological condition. We review that finding for substantial evidence. ORS 183.482(7) and (8). Both physicians and the psychologist who treated claimant diagnosed that the injury in part caused the psychological condition. The Board's finding that the injury was a material contributing cause of that condition is reasonable in the light of countervailing as well as supporting evidence and, therefore, is supported by substantial evidence. *Garcia v. Boise Cascade Corp.,* 309 Or 292, 295, 787 P2d 884 (1990).

■■ Employer also assigns error to the Board's finding that the determination order was issued prematurely. It asserts that there was not a reasonable medical expectation that treatment would materially improve claimant's psychological condition. ORS 656.005(17).[2] The determination order that closed claimant's back injury claim stated that his psychological condition was within normal limits. Before it was issued, however, Richard had prescribed antidepressants and recommended that claimant seek counseling. Pasquesi had stated that he could not "pass judgment * * * [on claimant's] psychological state." Worthington's diagnosis after the determination order was issued confirmed that, at the time that it was issued, there was a reasonable medical expectation that further treatment would improve claimant's condition and that, therefore, his medical condition was not stationary. *See Schuening v. J.R. Simplot & Company,* 84 Or App 622, 625, 735 P2d 1, *rev den* 303 Or 590 (1987). The Board was correct to consider claimant's psychological condition in determining whether the claim was ready for closure. *See*

---

[2] ORS 656.005(17) provides:

" 'Medically stationary' means that no further material improvement would reasonably be expected from medical treatment, or the passage of time."

*Utrera v. Dept. of General Services,* 89 Or App 114, 116, 747 P2d 405 (1987). There was substantial evidence to support the Board's finding that claimant's condition was not stationary; therefore, the determination order was issued prematurely.

■        Employer also assigns error to the Board's inclusion of incentive pay in claimant's temporary total disability rate. It argues that he did not regularly earn incentive pay. OAR 436-60-020(8)(i).[3] In 1987, claimant earned incentive pay of $100 in each of seven months and $200 and $212.50 in two other months. There was substantial evidence to support the Board's finding that claimant regularly earned incentive pay. The Board did not err when it considered that in fixing the temporary total disability rate.

Affirmed.

---

[3] OAR 436-60-020(8)(i) provides:

"Incentive pay shall be considered only when regularly earned. If incentive pay earnings vary, use the averaging method described in subsection (a) * * *."