Argued and submitted January 18, affirmed July 24, 1991

In the Matter of the Compensation of
Patricia K. Yost, Claimant.

AMERICAN NURSING
and St. Paul Fire And Marine Insurance Co.,
*Petitioners,*

*v.*

Patricia K. YOST,
*Respondent.*

(WCB 87-04550; CA A64695)

815 P2d 708

Mildred J. Carmack, Portland, argued the cause for petitioners. On the brief were Ridgway K. Foley, Jr., and Schwabe, Williamson & Wyatt, Portland.

Corey B. Smith, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Employer seeks review of a Workers' Compensation Board order that affirmed the referee and held that claimant's psychological condition is compensable. We affirm.

The Board adopted the referee's findings. On June 14, 1986, claimant suffered a back injury at work. Dr. Snodgrass diagnosed a contusion and chronic lumbosacral strain. Dr. Cruickshank diagnosed chronic lumbosacral strain and an anxiety tension state. On March 17, 1987, employer accepted a claim for the injury. A determination order awarded her 10 percent unscheduled disability.

Claimant and her family together had received intermittent counseling from Brown for three years until July, 1985. Brown testified that, during that period, claimant had had significant personal and family problems and a "low mood state." She continued to work full time, and she and her family sought no counseling until she was injured. She returned alone to Brown in May, 1987. He testified that the mild depression that she had had before the injury had worsened. He explained that she had been able to cope with her problems before the injury because she had worked full time but that, thereafter, she became distraught over the chronic pain that the injury caused and by the prospect of permanent disability and loss of work. On January 4, 1988, she was hospitalized for depression. Dr. Glass, a psychiatrist, diagnosed a depressive reaction "related to the problems with her back." Dr. Colbach diagnosed that she was "very emotionally volatile and emotionally fragile" but that "the major contributing cause to the depression * * * was not her back, but other things, especially family difficulties." On April 28, employer denied that her psychological condition was compensable. The referee found, and the Board agreed, that claimant had proved by a preponderance of the evidence that the injury was a material contributing cause of the psychological condition and that it was compensable.

■ Employer assigns error to the Board's ruling that claimant's burden was to prove by a preponderance of the evidence that the injury was a material contributing cause of the psychological condition. It argues that claimant had a claim for a mental disorder as an occupational disease under

ORS 656.802(2)(d) and that the psychological condition was not compensable, because she did not prove by clear and convincing evidence that the injury was the major contributing cause of it. Employer, however, does not argue that, because claimant may have had a preexisting condition, the Board applied the wrong standard. We review for legal error. ORS 183.482(8). The Board applied the correct legal standard. *Nordstrom, Inc. v. Gaul,* 108 Or App 237, 815 P2d 710 (1991).

■　　　Employer also assigns error to the Board's finding that the injury was a material contributing cause of the psychological condition. It argues that there was no substantial evidence to support that finding. It asserts that the condition preexisted the injury and was not worsened by it. It further asserts that the diagnoses of Brown and Glass are unpersuasive.

The Board was entitled to give weight to all of the diagnoses. Brown concluded that claimant's depression following the injury was caused by it. Shortly after claimant had been hospitalized, Glass concluded that she could "handle [her problems] as long as she was able to work effectively. When she was unable to work, things deteriorated, with her mood." Although Colbach stated that personal problems were the major cause of her depression, he acknowledged that "some of [it] could be attributed to the industrial injury." There was substantial evidence to support the Board's finding that claimant's injury was a material contributing cause of the psychological condition. *See Garcia v. Boise Cascade,* 309 Or 292, 295, 787 P2d 884 (1990).

Affirmed.