Argued and submitted February 18, affirmed April 22, 1992

In the Matter of the Compensation of
George A. Viltrakis, Claimant.

BOEING COMPANY
and Aetna Casualty Company,
*Petitioners,*

*v.*

George A. VILTRAKIS,
*Respondent.*

(89-24484; CA A70217)

829 P2d 738

Jeremy L. Fellows, Portland, argued the cause for petitioners. With him on the brief was Scheminske & Lyons, Portland.

Floyd H. Shebley, Portland, argued the cause for respondent. With him on the brief was Westmoreland & Shebley, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer seeks review of an order of the Workers' Compensation Board holding that claimant is entitled to treatment for the effects of stress allegedly caused by a compensable injury. We conclude that the Board applied the correct legal analysis and that its finding that the need for treatment is related to claimant's compensable injury and is, therefore, compensable is supported by substantial evidence.

Claimant injured his knee while working for employer, which accepted the claim and paid benefits for temporary disability and permanent partial disability. Claimant's doctor permanently restricted him from working more than 8 hours per day, 5 days per week. Later, claimant filed a claim seeking benefits for treatment of the effects of stress allegedly caused by his fear that he would be laid off because of his inability to work overtime because of the knee injury. Employer denied the claim; the referee upheld the denial, but the Board reversed.

Noting that claimant is seeking only medical benefits allegedly related to his compensable injury, the Board reasoned that he is not subject to ORS 656.802(2)[1] for establishing the compensability of a mental disorder, but needs only to prove that his need for treatment is a natural consequence of the injury. *Williams v. Gates, McDonald & Co.*, 300 Or 278, 281, 709 P2d 712 (1985). The Board held that claimant met that burden.

Employer first contends that the Board erroneously characterized the claim as something other than a claim for a mental disorder under ORS 656.802. On his Form 801, claimant indicated that he sought benefits for an occupational disease; he made the same notation on his specification of issues for hearing. The Board noted correctly, however, that claimant did not seek to establish at the hearing or before the Board that his condition that results from stress is independently compensable as an occupational disease; neither does he seek to establish that he has a mental disorder. He seeks only medical services for the effects of stress that he alleges are a consequence of the original compensable injury.

---

[1] ORS 656.802(2) was renumbered ORS 656.802(3) in 1990. Or Laws 1990, ch 2, § 43.

We agree with the Board that his claim is properly characterized as one for benefits for the "natural consequences" of a compensable injury, rather than as an independent claim for an occupational disease.

Employer also contends that the claim is barred, because it was not brought within the time allowed by ORS 656.807(1). In view of our holding that the claim is not for an occupational disease brought pursuant to ORS 656.802, the contention is without merit.

Finally, employer contends that, whether or not the claim is for an occupational disease or for the consequences of a compensable injury, the standards of ORS 656.802(2) are applicable and require that claimant show by clear and convincing evidence that he suffers from a mental disorder, the major contributing cause of which is his employment. ORS 656.802(2) states:

> "(2)    *Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter*:
>
> "(a)    Unless the employment conditions producing the mental disorder exist in a real and objective sense.
>
> "* * * * *
>
> "(c)    Unless there is a diagnosis of a mental or emotional disorder which is generally recognized in the medical or psychological community.
>
> "(d)    Unless there is clear and convincing evidence that the mental disorder arose out of and in the course of employment." (Emphasis supplied.)

Employer focuses on the emphasized language as support for its conclusion that the provisions of ORS 656.802(2) apply any time that a person seeks compensation for the effects of work-related stress. We held in *American Nursing v. Yost*, 108 Or App 243, 815 P2d 708 (1991), and *Nordstrom, Inc. v. Gaul*, 108 Or App 237, 815 P2d 710 (1991), that, when a claimant merely seeks to recover benefits for the consequences of a compensable injury, but does not seek to establish independently the compensability of a mental disorder, the provisions of ORS 656.802 do not apply. *See Jeld-Wen, Inc. v. Page*, 73 Or App 136, 398 P2d 61 (1985); *Grace v. SAIF*, 76 Or App 511, 709 P2d 1146 (1985). If the condition is compensable, it is because it is related to the compensable

injury, not because it is independently work- connected. The compensable injury provides the necessary work connection. To establish entitlement to benefits for treatment of symptoms of stress that were brought about by a compensable injury, a claimant need only show that the compensable injury is a material contributing cause of the condition requiring treatment.[2]

■ There is substantial evidence to support the Board's determination that claimant's compensable injury is a material contributing cause of his need for treatment of the effects of stress.

Affirmed.

---

[2] We note that ORS 656.005(7)(a)(A) was enacted in 1990:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition." Or Laws 1990, ch 2, § 3.

It is not applicable here, because the hearing was convened before July 1, 1990. Or Laws 1990, ch 2, § 54(2).