Argued and submitted October 25, 1991, reversed June 24, reconsideration denied August 5, petition for review denied September 29, 1992 (314 Or 391)

In the Matter of the Compensation of
Shawn M. Hukari, Claimant.

SAIF CORPORATION
and Oregon Department of Transportation,
*Petitioners,*

*v.*

Shawn M. HUKARI,
*Respondent.*

(WCB 89-08125; CA A67939)

833 P2d 1307

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Willard E. Fox, Salem, argued the cause for respondent. With him on the brief was Allen, Stortz, Fox, Susee & Olson, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of an order of the Workers' Compensation Board holding that claimant's condition is compensable. We reverse.

Claimant was diagnosed as having Crohn's Disease, an intestinal illness, in 1981. The disease was not caused by her employment. For three years before the events leading to this claim, she had not experienced symptoms of the disease and was not taking any medication for it. In October, 1988, employer initiated an investigation into alleged misconduct by claimant. The investigation lasted ten weeks, during which time claimant was extremely upset, because she believed that the allegations of misconduct were unfounded and unwarranted. She was again extremely upset when she was reprimanded in writing in January, 1989. As a result of the stress of the investigation and reprimand, the Crohn's Disease symptoms drastically increased,[1] which caused disability and for which she sought medical treatment and filed a workers' compensation claim.

The referee concluded that, although the parties had "devoted considerable effort to addressing this case as a mental disorder" under ORS 656.802(1)(b), the claim is for a physical condition, Crohn's Disease, not for a mental disorder. He concluded that the claim is compensable as an occupational disease under ORS 656.802(1)(c), because the investigation and its surrounding circumstances constituted a series of traumatic events or occurrences arising out of her employment. The Board affirmed as to compensability but disagreed with the referee's analysis. It adopted the referee's findings that, although Crohn's Disease is not caused by stress, stress can cause an exacerbation of that condition and that employer's investigation and resulting reprimand constituted "a reasonable corrective evaluation action." The Board concluded that the flare-up of the disease's symptoms was a compensable injury rather than an occupational disease:

---

[1] Claimant experienced extreme abdominal pain and bloating, had inordinately frequent bowel movements and quickly lost 10 pounds.

> "Under these circumstances, we conclude that the 'flare-up' of claimant's Crohn's disease, * * * took place within a discrete period of work activity, was 'sudden in onset' and should be categorized as an injury."

Accordingly, it did not consider whether the claim was compensable as an occupational disease under ORS 656.802(1), and it did not apply the mental disorder provisions of ORS 656.802(2).[2]

By 1987 amendments to the workers' compensation law, the legislature categorized mental disorders as occupational diseases. ORS 656.802(1)(b) provides that an "occupational disease" includes "[a]ny mental disorder arising out of and in the course of employment and which requires medical services or results in physical or mental disability or death." Claims for mental disorders are subject to the requirements of ORS 656.802(2), which provides:

> "Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter:
>
> "(a)   Unless the employment conditions producing the mental disorder exist in a real and objective sense.
>
> "(b)   *Unless the employment conditions producing the mental disorder are conditions other than* conditions generally inherent in every working situation or *reasonable disciplinary, corrective or job performance evaluation actions by the employer*, or cessation of employment.
>
> "(c)   Unless there is a diagnosis of a mental or emotional disorder which is generally recognized in the medical or psychological community.
>
> "(d)   Unless there is clear and convincing evidence that the mental disorder arose out of and in the course of employment." (Emphasis supplied.)

The dispositive issue is whether a pre-existing physical disease that is exacerbated by stress at work, resulting in disability or a need for medical treatment, must be treated as an occupational disease under ORS 656.802. If it must, claimant's claim is not compensable, because of the Board's

---

[2] The 1987 version of ORS 656.802 is the relevant one. Or Laws 1987, ch 713, § 4. We cite and apply that version here. The statute was amended again and its subsections renumbered in 1990. Or Laws 1990, ch 2, § 43.

unchallenged finding that the stress that caused the worsening of her Crohn's Disease was the result of "a reasonable corrective evaluation action" by employer. *See* ORS 656.802(2)(b).

Before the 1987 amendments, claims for on-the-job stress-caused disability or need for medical treatment, whether physical or mental, were compensable either as occupational diseases or industrial injuries, depending on whether the onset of the condition was sudden or gradual and whether the condition could be said to be expected or unexpected. *See, e.g., Morrow v. Pacific University*, 100 Or App 198, 785 P2d 787 (1990); *Adsitt v. Clairmont Water District*, 79 Or App 1, 717 P2d 1231, *rev den* 301 Or 338, 301 Or 666 (1986); *SAIF v. McCabe*, 74 Or App 195, 702 P2d 436 (1985). All claims involving disabilities that were the result of work-caused stress, regardless of whether the manifestations were psychological or physical, were subject to the same compensability analysis. For example, in *McGarrah v. SAIF*, 296 Or 145, 675 P2d 159 (1983), the court considered whether the claimant's *mental disorder*, which was caused by stressful conditions at work, was compensable. It held that "stress-caused claims for benefits arising out of mental and physical disorders are compensable if they flow from the conditions of the worker's employment," provided that certain requirements were met. 296 Or at 163.[3] In *Leary v. Pacific Northwest Bell*, 296 Or 139, 675 P2d 157 (1983), decided the same day as *McGarrah*, the court applied the same analysis to a claim that the claimant's *physical ailments*, which were caused by on-the-job stressful conditions and events, were compensable.

---

[3] In addressing the pre-1987 definition of "occupational disease," the court said in *McGarrah*:

"The legislature must have been aware of the shift in costs from general welfare or general insurance to workers' compensation that would occur if workers' compensation provided coverage for *mental and physical disorders caused by job stress*. We find no legislative words nor any evidence of legislative intent to indicate that the legislature either intended or did not intend to place that burden on the workers' compensation system.

"*If the legislature wants employers and compensation carriers to be relieved from the burden of such claims and wishes to change the occupational disease law to exclude mental disorders*, such as exhaustively set forth in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (3rd Ed 1981), *then the legislature can amend the statute to exclude specifically compensation for mental or physical disorders arising from job stress events and conditions*." 296 Or at 162. (Emphasis supplied; footnote omitted.)

■ We conclude that the 1987 legislature's use of the term "mental disorder" was intended to encompass all claims for mental or physical disorders arising from job stress. By specifically including mental disorders in the definition of occupational disease, the legislature made clear its intent that *any* claim that a condition is *independently compensable* because it was *caused by on-the-job stress*, regardless of the suddenness of onset or the unexpected nature of the condition, and regardless of whether the condition is mental or physical, must be treated as a claim for an occupational disease under ORS 656.802.

This independent claim for compensation for a stress-caused disability is to be distinguished from a claim for treatment of a consequential mental condition that we have held is not subject to ORS 656.802(2). In *Boeing Co. v. Viltrakis*, 112 Or App 396, 829 P2d 738 (1992), the issue was whether the claimant's mental condition, which was caused by stress resulting from having suffered a compensable injury, was subject to the provisions of ORS 656.802(2). We concluded that it was not, because the "claim is properly characterized as one for benefits for the 'natural consequences' of a compensable injury, rather than as an independent claim for an occupational disease." 112 Or App at 399. If the condition was compensable, it was because it was related to the compensable injury, not because it was independently work connected. 112 Or App at 399.

■ *Viltrakis* is premised on the rule that an employer is liable for the consequences of a compensable injury. *See Williams v. Gates, McDonald & Co.*, 300 Or 278, 709 P2d 712 (1985). Claimant in this case, in contrast, is seeking to establish an independent claim for a condition for which the only work connection is on-the-job stress. Because it is an *independent claim* rather than a *consequential claim*, she must establish that it is compensable under the occupational disease provisions of ORS 656.802. Accordingly, it is not compensable, because the work conditions that caused her stress were "reasonable corrective evaluation action[s] by the employer." *See* ORS 656.802(2)(b).

Claimant argues in the alternative that the claim is compensable under ORS 656.802(1)(c). It is not. *Sibley v. City*

*of Phoenix,* 107 Or App 606, 813 P2d 69, *rev den* 312 Or 527 (1991).

Reversed.