Argued and submitted October 16, 1991, award of attorney fees and penalty vacated; otherwise affirmed July 8, 1992

In the Matter of the Compensation of
Les S. Epstein, Claimant.

ATLAS CYLINDER
and Continental Loss Adjusting Services,
*Petitioners,*

*v.*

Les S. EPSTEIN,
*Respondent.*

(88-09104; CA A67014)

833 P2d 1374

Jeremy L. Fellows, Portland, argued the cause for petitioners. With him on the brief was Scheminske & Lyons, Portland.

Karen M. Werner, Eugene, argued the cause for respondent. With her on the brief were Thomas Cary and Coons, Cole & Cary, P.C., Eugene.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

## DEITS, J.

Employer seeks reversal of a Workers' Compensation Board order that held that claimant is entitled to temporary partial disability benefits, assessed a penalty against employer for unreasonable failure to pay benefits and awarded claimant attorney fees. Employer contends that the Board improperly considered the issue of compensability of claimant's psychological condition, that it did not apply the proper standard of proof and that it erred in assessing a penalty and awarding attorney fees.

Claimant, a maintenance worker, compensably injured his back on October 1, 1987, while lifting a heavy barrel. Employer accepted the claim as a disabling injury. Claimant was anxious to return to work, so he obtained a release from his treating physician to return to modified work on October 12, 1987. After that, he missed work many times for reasons related to the injury. On April 7, 1988, he was fired for excessive absenteeism and insubordination immediately after he responded in an obnoxious manner to a supervisor who had instructed him to return to his work station. He was later treated by a psychiatrist, who diagnosed an adult adjustment reaction with depression.

After his termination, claimant sought temporary partial and temporary total disability, but employer denied the claim. After a hearing on August 25, 1988, the referee concluded:

> "Claimant's psychological state was a material contributing factor in his insubordination and absenteeism. Also, claimant's compensable physical back condition was a material contributing factor in claimant's excessive absenteeism from October 1987 to April 1988. Claimant was not terminated for reasons unrelated to his compensable injury.

> "Claimant was subjected to repeated criticism by the employer regarding his absenteeism and job performance over the period of modified work prior to his termination."

The referee also determined that employer knew that much of claimant's absenteeism was related to the compensable back condition, that his claim had not been closed and that he was not medically stationary when he was terminated. The referee concluded that the failure to pay temporary partial

disability compensation after the termination was unreasonable.

■      Employer first contends that, because neither claimant's original request for hearing and specification of issues nor his supplemental request raised the issue of a compensable mental condition, the Board improperly considered the issue of compensability of claimant's psychological condition. As stated in the referee's opinion, adopted by the Board:

"The instant underlying original claim is one for disabling accidental injury. There is no occupational disease claim presented for claimant's psychological state. The contention regarding the psychological state is that it is a sequela of the compensable back injury."

We agree with the Board that the claim was for benefits for the consequences of a compensable injury, rather than an independent claim for an injury or an occupational disease. *Boeing Co. v. Viltrakis*, 112 Or App 396, 398, 829 P2d 738 (1992); *see Morrow v. Pacific University*, 100 Or App 198, 201, 785 P2d 787 (1990). The psychological consequences of the injury were properly presented at the hearing and were not a "separate issue," as employer asserts.[1]

■      Employer also argues that, even if the psychological condition was related to the injury, claimant bore the burden of proving that his employment was the major contributing cause of the mental condition under ORS 656.802(2):

"Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter:

"(a)   Unless the employment conditions producing the mental disorder exist in a real and objective sense.

"* * * * *

"(c)   Unless there is a diagnosis of a mental or emotional disorder which is generally recognized in the medical or psychological community.

---

[1] Because of our conclusion that the claim was a natural consequence of claimant's back injury rather than a separate claim for a mental disorder, it is unnecessary to address employer's argument that the mental condition claim was premature because it had not yet denied the claim; its argument that, because 60 days had not passed, it had not denied the claim *de facto*; or its contention that the referee did not have to decide whether claimant's mental condition was compensable.

"(d) Unless there is clear and convincing evidence that the mental disorder arose out of and in the course of employment."

ORS 656.802, however, does not apply where the claim is for a condition that is the consequence of a compensable injury. As we explained in *Boeing Company v. Viltrakis, supra*, 112 Or App at 399:

"[W]hen a claimant merely seeks to recover benefits for the consequences of a compensable injury, but does not seek to establish independently the compensability of a mental disorder, the provisions of ORS 656.802 do not apply. * * * To establish entitlement to benefits for treatment of symptoms of stress that were brought about by [a] compensable injury, a claimant need only show that the compensable injury is a material contributing cause of the condition requiring treatment."[2] (Citations omitted.)

The Board found that the injury was a material contributing cause of the mental condition, and that was the proper standard under these circumstances. *See SAIF v. Hukari*, 113 Or App 475, 480, 833 P2d 1307 (1992).

■ Employer argues that there is no substantial evidence to support the conclusion that the mental condition resulted from the compensable injury. We conclude that there is substantial evidence. A psychiatrist diagnosed claimant's psychological state as an adult adjustment reaction with depression. His report reads:

"The most outstanding feature of the mental status exam was the intense affective state of this individual. Especially when talking about the incident of his dismissal and the events leading to it. It would appear that this patient visualizes what has occurred in the following manner. He sees himself as having returned to work as early as possible for the convenience of the employer where he was injured. He sees himself putting forth a maximum that he could with his physical limitations and experienced a change in management of the facility of which he worked. He then experienced

---

[2] Since the referee's hearing in this case, ORS 656.005(7)(a)(A):

"No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition." Or Laws 1990, ch 2, § 3.

That is not applicable here, because the hearing was before July 1, 1990. Or Laws 1990, ch 2, § 54(2).

what he considered a total disregard for his devotion to his work. He was particularly friendly with his immediate supervisor, Walt, and he experienced rejection from him when he was terminated. He concludes that Walt was under a great deal of pressure also because of the changes in management. The patient appeared to be despondent, agitated and when describing dates of the past several months he experienced blocking to the point he was unable to speak for 1-5 minutes, and then did not regroup and organize. Other than this he showed no evidence of schizophrenic reaction, dementia, delerium [*sic*], mental retardation or mania."

The psychiatrist testified that symptoms of claimant's mental and physical condition increased as a response to his belief that employer was intolerant of his injuries. We conclude that there was substantial evidence to support the Board's findings that the injury was a material contributing cause of the mental condition.

■■ Employer finally assigns error to the Board's assessment of a penalty and attorney fees against the insurer. ORS 656.262(1) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

If an employer has a legitimate doubt about its liability for workers' compensation, its refusal to pay is not unreasonable. *International Paper Co. v. Huntley*, 106 Or App 107, 110, 806 P2d 188 (1991). Here, at the time when the time loss was denied, employer had a legitimate doubt about its liability. Claimant had been missing work regularly, had been placed on probation and had been insubordinate. He did not seek psychiatric treatment until after he had been fired. Employer was not informed of the mental aspects of the injury claim until shortly before the hearing on the denial. We conclude that the Board erred in assessing a penalty and awarding attorney fees.

Award of attorney fees and penalty vacated; otherwise affirmed.