Argued and submitted December 16, 1991, affirmed September 9, 1992

In the Matter of the Compensation of
Ronald D. Robinson, Claimant.

AETNA CASUALTY COMPANY
and The Boeing Company,
*Petitioners,*

*v.*

Ronald D. ROBINSON,
*Respondent.*

(89-13506; CA A69912)

836 P2d 1362

Jeremy L. Fellows, Portland, argued the cause for petitioners. With him on the brief was Scheminske & Lyons, Portland.

Anthony A. Allen, Salem, argued the cause for respondent. On the brief were Jean Fisher LeDoux and Gatti, Gatti, Maier, et al, Salem.

Before Richardson, Presiding Judge, and Deits and Durham Judges.

DEITS, J.

**DEITS, J.**

Employer seeks review of an order of the Workers' Compensation Board holding that claimant must only prove that his preexisting compensable injury was a material, rather than a major, contributing cause of his mental disorder and concluding that claimant's mental disorder was compensable. We affirm.

Claimant was a machinist for employer. In November, 1985, he suffered a compensable back injury when he slipped on ice in the company parking lot. He filed an aggravation claim for his back in April, 1988, which employer denied in February, 1989. In November, 1988, claimant also developed stomach problems and sleeplessness. He was depressed about being off work, financial and marital problems, as well as back pain. His chiropractor referred him to Colistro, Worthington and Associates for psychological evaluation and treatment. He was evaluated by Tinker, an unlicensed psychology resident, who diagnosed depression and authorized time loss as of May 23, 1989.

In July, 1989, employer denied compensability for "mental disorder including all disability, symptoms and treatment in any way related thereto." Claimant requested a hearing. The referee found that claimant's injury was a material contributing cause of his psychological condition. He was awarded compensation for his psychological condition. Employer appealed, and the Board affirmed.[1]

■ Employer first assigns error to the Board's conclusion that claimant was only required to prove that his mental disorder was caused in material part by a preexisting compensable injury. It contends that claimant should have been required to meet the major contributing cause standard for an occupational disease under ORS 656.802(2). We have held, however, that ORS 656.802 is not applicable when a claimant seeks to recover benefits for a mental disorder that is a consequence of a compensable injury, but does not seek to establish the independent compensability of the disorder. *Boeing Co. v. Viltrakis*, 112 Or App 396, 398, 829 P2d 738 (1992). We conclude that claimant is seeking compensation of

---

[1] The Board's order also upheld employer's denial of claimant's aggravation claim for his back. That portion of the order is not under review.

a mental condition that is a consequence of his compensable injury. Accordingly, under the statutes in effect at the time of the hearing, he was only required to prove that his injury was a material contributing cause of his psychological condition.[2] The Board applied the correct standard.

Employer also argues that, because claimant's mental condition developed gradually over a long period, the claim must be treated as an occupational disease claim. However, whether a mental condition develops gradually or suddenly is not necessarily determinative of whether the claim is for an occupational disease. Regardless of whether the onset is gradual or sudden, a mental condition that results directly from work is treated as an independent claim governed by ORS 656.802 and a mental condition that results from a compensable injury is treated as a claim for the consequences of an injury. *See Atlas Cylinder v. Epstein*, 114 Or App 117, 120, 833 P2d 1374 (1992); *SAIF v. Hukari*, 113 Or App 475, 833 P2d 1307 (1992). Even though the onset of the condition may have been gradual, the claim here was for a mental condition that is the consequence of an injury.

■ Employer also contends that this case must be analyzed under ORS 656.802(2), because claimant indicated that it was an occupational disease claim in his request for a hearing. However, that did not preclude the parties from presenting evidence of an injury, nor did it prevent the referee from considering the claim as an injury. OAR 438-06-031.

■ Employer next contends that there is not substantial evidence to support the Board's conclusion that his mental disorder was caused, even in material part, by his back injury. Although the Board found that over 50 percent of claimant's stress was caused by marital and financial difficulties, it found that it was also caused by being off work, his "uncertainty regarding his vocational future, and pain from his compensable injury." It also found that the sleeplessness was caused in part by back pain.

We conclude that there was substantial evidence to support the Board's finding. The psychologist who evaluated

---

[2] ORS 656.005(7)(a)(A) has been amended and now provides:

"No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition." Or Laws 1990, ch 2, § 3.

claimant concluded that his condition is the direct result of his injury. Although employer's psychiatrist did not agree that claimant's mental condition is associated with his work, he did indicate that claimant was suffering depression associated with the financial ramifications of unemployment. There was also evidence in the reports of the chiropractor who was treating him that claimant's injury contributed to his depression.

■     Employer also assigns error to the denial of its motion to exclude from evidence the reports of Tinker, the unlicensed psychology resident. Employer objected to the admission of the reports on the ground that he was not licensed as a psychologist. The Board held:

> "Although a practitioner must be licensed in order to provide treatment under Chapter 656, *see* ORS 656.005(12); OAR 436-10-050, there is no requirement that a practitioner be licensed in order to provide an expert opinion. In fact, the Oregon Evidence Code describes an expert witness as one 'qualified as an expert by knowledge, skill, experience, training or education.' *See* OEC 702."

We agree that the fact that Tinker was not licensed does not make his opinion inadmissible. There is no requirement in the statutes or rules that mandates that a psychologist be licensed in order to give an opinion on a claimant's mental condition. His qualifications affect the weight to be given to the opinion rather than its admissibility. As the Board found, he worked under the supervision of Colistro. Although Colistro never saw claimant, the intern consulted with him and Colistro approved his reports. The referee's opinion acknowledges that Tinker was unlicensed, but treats the report as credible, because he has three degrees in psychology and a long history of working in the mental health field, had consulted with his supervisor in the course of evaluating claimant, "claimant's condition is [not] so subtle or complex that it is beyond the ken of someone not yet licensed." The Board did not err in denying employer's motion to exclude the report.

Affirmed.