Argued and submitted January 27, affirmed October 14, 1992

In the Matter of the Compensation of
Lloyd G. Crowley, Claimant.

Lloyd G. CROWLEY,
*Petitioner,*

*v.*

SAIF CORPORATION
and Children's Services Division,
*Respondents.*

(WCB 89-01325; CA A68253)

839 P2d 236

W. Todd Westmoreland and Westmoreland & Shebley, P.C., Tillamook, filed the brief for petitioner.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of a Workers' Compensation Board order holding that his mental disorder is not compensable. He contends that the compensability of the mental disorder should have been determined under the law regarding an industrial injury and not that regarding an occupational disease. He also argues that, if the disorder is an occupational disease, it did not result from reasonable corrective action of his employer.

Although the Board reversed the referee's determination that the illness is compensable, it accepted his findings, which neither party disputes:

> "[Claimant] was employed by this employer (Children's Services Division) at Camp Tillamook in July, 1986. He was a Group Life Coordinator II which involved counseling juveniles confined to the correction camp in Tillamook. On August 19, 1988 claimant was advised of a sexual harassment accusation by a female co-worker. Claimant 'went to pieces'.
>
> "* * * * *
>
> "An investigation of the charges was made by claimant's supervisor, who didn't believe the charges. He concluded that claimant had made some remarks which were susceptible of misinterpretation, and [during an employee conference] cautioned claimant as to his conversation with this co-worker in the future. There was NO disciplinary action taken. The investigation which was made by claimant's supervisor was actually preliminary to any disciplinary action which might be taken.
>
> "* * * * *
>
> "In addition, claimant was taking medication for his hypertension condition (which he had done for several years) which would predispose him to a depressive episode from psychic trauma. That, combined with the sexual harassment accusation precipitated an emotional disorder [specifically 'depression and anxiety'] of such magnitude that claimant wasn't able to continue working."

■ Claimant argues that the Board erred by analyzing his mental disorder as an occupational disease under *former*

ORS 656.802.[1] He is wrong. *SAIF v. Hukari*, 113 Or App 475, 833 P2d 1307 (1992).

*Former* ORS 656.802 provided, in part:

"(2) Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter:

"* * * * *

"(b) Unless the employment conditions producing the mental disorder are conditions other than conditions generally inherent in every working situation or reasonable disciplinary, corrective or job performance evaluation actions by the employer, or cessation of employment."

The Board concluded that claimant's mental disorder resulted from the employee conference that he had with his supervisor. It held that the conference was corrective action and, because it was reasonable, the mental disorder was not compensable under *former* ORS 656.802(2)(b).

Claimant first argues that the mental disorder resulted from the false accusation by the female employee, not from the conference. The Board gave a reasoned conclusion on the basis of findings that are supported by substantial evidence. It rejected the fine distinction that claimant wishes to draw that his awareness of the allegation, not the supervisor's corrective action, produced the reaction.

■  Claimant next argues that the employee conference was not disciplinary action under *former* ORS 656.802(2)(b). The Board found, and there was substantial evidence to support the findings, that the employee conference was a required prelude to any direct disciplinary action. It also concluded that, in any event, the meeting was a corrective action by employer.

Claimant's final contention is that, even if the employee conference was corrective action, it was not reasonable. The Board concluded otherwise, and that is supported by substantial evidence and substantial reasoning.

Affirmed.

---

[1] *Former* ORS 656.802, as amended, became effective January 1, 1988. It was again amended on July 1, 1990. Or Laws 1990, ch 2, § 43. Claimant agrees that the 1988 version of the statute is applicable.