In the Matter of the Compensation of
James L. Burris, Claimant.

James L. BURRIS,
*Petitioner,*

*v.*

SAIF CORPORATION
and Photocraft, Inc.,
*Respondents.*

(90-07378; CA A71218)

841 P2d 696

Cynthia Cumfer, Portland, argued the cause and filed the brief for petitioner.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of an order of the Workers' Compensation Board that denied his claim for an occupational disease. We affirm.

Claimant developed symptoms of multiple sclerosis in 1973. He also experienced migraine headaches and right leg numbness. Three years later, he began to work for employer. In 1977, during a leave from work, his symptoms recurred, and he experienced fatigue and blurred vision. In October, 1978, he quit work because his symptoms had made it too difficult for him to perform. The symptoms dissipated in 1981, and he returned to part-time work for employer. Later, he resumed full-time work and continued until 1990, when his symptoms became disabling. He quit and filed a claim for compensation, asserting that work-related physical activity and mental stress had worsened his underlying condition. Employer denied the claim on the basis that his condition was unrelated to the work. Claimant requested a hearing. The Board found that he had failed to prove that his work was the major contributing cause of a worsening of his condition or its symptoms.

Claimant assigns error to the Board's conclusion that this is an occupational disease claim. He acknowledges that he has multiple sclerosis and that his symptoms have gradually become more diverse and severe. He asserts, nonetheless, that he has an injury. There is substantial evidence in the record that his condition arose gradually, not suddenly. *Morrow v. Pacific University*, 100 Or App 198, 201, 785 P2d 787 (1990), indicates that a chief characteristic of an occupational disease is that it is gradual rather than sudden in onset. Moreover, because claimant alleges that the worsening of his illness was caused by on-the-job stress, his claim must be treated as an occupational disease. *SAIF v. Hukari*, 113 Or App 475, 480, 833 P2d 1307 (1992).

Claimant also argues that the Board erred when it held that he is making a mental stress claim. ORS 656.802(1)(b).[1] He asserts that that subsection applies only to

---

[1] ORS 656.802(1)(b) provides:

"As used in this chapter, 'occupational disease' means any disease or infection arising out of and in the course of employment caused by substances or

mental disorders. At the hearing, he argued that the multiple sclerosis is compensable, because physical and mental stress at work caused it to worsen. The Board correctly ruled that a stress-caused physical condition is compensable, if at all, under ORS 656.802(1)(b). *SAIF v. Hukari, supra,* 113 Or App at 480. It held that claimant has not proved that he has a generally recognized mental disorder, ORS 656.802(3)(c), or that his physical activities at work were the major contributing cause of the worsening of the multiple sclerosis. ORS 656.802(2). Claimant does not challenge the Board's conclusion that he failed to meet his burden on those issues.

Affirmed.

---

activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and which requires medical services or results in disability or death, including:

"* * * * *

"(b) Any mental disorder which requires medical services or results in physical or mental disability or death."