Argued and submitted October 27, 1999, affirmed April 5, petition for review denied June 20, 2000 (330 Or 363)

In the Matter of the Compensation of
Darlene J. Molena, Claimant.

JELD-WEN, INC.,
*Petitioner,*

*v.*

Darlene J. MOLENA,
*Respondent.*

(97-08181; CA A105255)

998 P2d 753

Travis L. Terrall argued the cause for petitioner. With him on the brief was Scott H. Terrall & Associates.

Mustafa Kasubhai argued the cause for respondent. With him on the brief was Kasubhai & Sanchez.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

Employer seeks review of an order of the Workers' Compensation Board holding that claimant suffered a compensable injury. We affirm.

Claimant was employed by Jeld-Wen. In her position, she worked with glue, alcohol, and other chemicals. On July 23, 1997, the glue overheated. Claimant and two of her coworkers became "headachy" and experienced "a feeling of nausea[.]" When the workers complained to the manager, he "suggested that [they] pour lacquer thinner * * * and clean the * * * glue rolls, because the glue was setting up." When the lacquer thinner was put on the rolls, the fumes caused at least one worker to vomit and the other workers to start choking. Claimant experienced watering eyes, burning in her chest, choking, and difficulty breathing. A fan was placed in the area to blow the fumes away, and claimant continued to work. Within half an hour, claimant passed out and was carried outside. A coworker took her to the hospital for treatment. Claimant sought compensation for a workplace injury.

A week later, claimant went to the hospital with continued complaints of chest discomfort and shortness of breath. Her chest x-ray showed evidence of a preexisting chronic obstructive pulmonary disease. At the hospital, Dr. Brunswick diagnosed claimant's condition as "shortness of breath secondary to chronic obstructive pulmonary disease." Employer denied the compensability of claimant's current medical condition on the ground that it was not a result of the July 23 industrial injury and did not arise out of or in the course of employment.

Claimant sought a hearing. The ALJ found:

"(1) The claimant's exposure to vapors from the glue machin[e] in July, 1997 was a discrete and specific event. (2) The discrete and specific event experienced by the claimant in July, 1997 combined with a pre-existing respiratory condition and was the major contributing cause of the claimant's need for treatment of the combined condition."

Based on those and other findings, the ALJ concluded that claimant's condition was an injury rather than an occupational disease. The ALJ also explained why claimant's exposure to the fumes was the major contributing cause of her need for treatment of the combined condition. He reasoned:

"[C]laimant had no significant breathing symptoms prior to July 23, 1997, despite her underlying condition. * * * [T]he evidence establishes the quantitative level of her exposure as relatively dramatic and substantial, certainly more than innocuous. The material to which the claimant was exposed apparently carries a warning of irritative effects from exposure to the fumes. Following her exposure the claimant became symptomatic as far as breathing difficulty. Dr. Bardana has reported that the claimant suffered a transient respiratory irritation and vasovagal syncope as a result of her employment exposure. Dr. Panossian, a pulmonologist, has stated that the claimant's work exposure precipitated her symptoms that required treatment. There is absolutely no reason to believe that the claimant's symptoms and need for treatment would have occurred had she not experienced the relatively substantial exposure to fumes on July 23, 1997. The claimant's lung function, despite her underlying condition, was not *that* significant in terms of symptom instability. Although a precipitating cause is not necessarily the major contributing cause, in my opinion all the above factors prove the exposure in this case was more than a precipitating cause, it was in fact the primary cause of the claimant's need for treatment of her combined condition."

(Emphasis in original.) The Board adopted the ALJ's findings and order.

■ On appeal, employer raises three arguments. First, it argues that the Board erred because ORS 656.802(1)(a)(A) requires, as a matter of law, that claimant's lung condition be treated as an occupational disease rather than as an injury. Our recent decision in *Weyerhaeuser Co. v. Woda*, 166 Or App 73, 998 P2d 226 (2000), resolves that issue adversely to employer. We held that exposure to fumes, vapors, and the like may result in an injury as well as an occupational disease.

■ Second, employer contends that, even if claimant's condition could be an injury, the evidence shows that her condition arose gradually and was thus an occupational disease.

There is substantial evidence in the record, however, to support the Board's finding that claimant's condition occurred suddenly. *See Burris v. SAIF Corp.*, 116 Or App 498, 500, 841 P2d 696 (1992), *rev den* 315 Or 442 (1993); *Morrow v. Pacific University*, 100 Or App 198, 200, 785 P2d 787 (1990). Although employer views the historical facts differently, the Board's findings of historical fact are supported by substantial evidence. They effectively resolve employer's claim that claimant's condition is an occupational disease rather than an injury. *See id.*

Finally, employer argues that the Board erred in finding that claimant's exposure to the fumes at work was the major contributing cause of her need for medical treatment. The Board's finding is supported by substantial evidence, as the portion of the ALJ's opinion quoted above demonstrates. *See Dietz v. Ramuda*, 130 Or App 397, 402, 882 P2d 618 (1994), *rev dismissed* 321 Or 416 (1995) (stating standard of review).

Affirmed.