Argued and submitted May 9, decision of the Court of Appeals reversed; order of the Workers' Compensation Board reversed, and case remanded to the Board for further proceedings June 23, reconsideration denied August 16, 1994

In the Matter of the Compensation of
Michelle K. DiBrito, Claimant.

Michelle K. DiBRITO,
*Petitioner on Review,*

*v.*

SAIF CORPORATION
and Adult and Family Services Division,
*Respondents on Review.*

(WCB 92-13969; CA A78740; SC S40909)

875 P2d 459

Robert F. Webber, of Black, Chapman & Webber, Medford, argued the cause and filed the petition for petitioner on review.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondents on review. With him on the response were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

GRABER, J.

## GRABER, J.

In this case we are called on to apply provisions of the Workers' Compensation Law relating to types of claims for compensation.[1] Claimant was a caseworker for Adult and Family Services. She suffered from preexisting colitis and a preexisting personality disorder. Because of health problems, claimant sought to reduce her daily work hours by half and to take the remaining half as leave without pay. Claimant became upset during a meeting with her supervisor on May 14, 1991, during which she was informed that she would not be able to retain her status as a full-time employee if her request to work part-time were granted. Claimant experienced an episode of colitis requiring medical treatment and experienced psychological symptoms.

Claimant filed a workers' compensation claim for her physical and mental conditions,[2] which her employer's insurer, SAIF Corporation (SAIF), denied. After a hearing, the referee concluded that claimant had suffered a compensable accidental injury under ORS 656.702, because she proved that "the events of May 14 were a material contributing cause of [her] need for medical treatment" for colitis. The referee concluded, however, that claimant did not suffer a compensable occupational disease under ORS 656.802(3), relating to mental disorders, because "the stressful events [of the May 14 meeting] did not cause or worsen her psychiatric diagnosis."

SAIF appealed to the Workers' Compensation Board (Board). Relying on *SAIF v. Hukari*, 113 Or App 475, 833 P2d 1307, *rev den* 314 Or 391 (1992), which was decided after the referee issued his order in this matter,[3] the Board concluded

---

[1] The relevant provisions are set out at notes 4 and 5 below.

[2] On her claim form, claimant described her "injury or disease" as "Mental Stress/Physical."

[3] In *SAIF v. Hukari*, 113 Or App 475, 480, 833 P2d 1307, *rev den* 314 Or 391 (1992), the Court of Appeals held that, under the 1987 amendments to the Workers' Compensation Law,

"*any* claim that a condition is *independently compensable* because it was *caused by on-the-job stress*, regardless of the suddenness of onset or the unexpected nature of the condition, and regardless of whether the condition is mental or physical, must be treated as a claim for an occupational disease under ORS 656.802." (Emphasis in original.)

"that the claim is one for a stress-caused physical condition, which must fall within ORS 656.802(1)(b) in order to be compensable." On review of the record, the Board determined that "claimant's psychological condition was due, in major part, to factors other than work conditions" and that, "[a]ccordingly, neither claimant's mental condition nor her physical symptoms resulting from on-the-job stress are compensable."

Claimant sought judicial review in the Court of Appeals, which affirmed the Board's order without opinion. *DiBrito v. SAIF*, 124 Or App 680, 865 P2d 1341 (1993). We allowed review and now reverse the decision of the Court of Appeals, reverse the order of the Board, and remand the case to the Board.

In *Mathel v. Josephine County*, 319 Or 235, 875 P2d 455 (1994), we considered whether a claim for a heart attack precipitated by "job stress" properly is analyzed under ORS 656.005(7),[4] relating to compensable accidental injuries, or under ORS 656.802,[5] relating to occupational diseases,

---

[4] ORS 656.005(7) provides in part:

"(a) A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

"(B) If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

[5] ORS 656.802 provides:

"(1) As used in this chapter, 'occupational disease' means any disease or infection arising out of and in the course of employment caused by substances or activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and which requires medical services or results in disability or death, including:

"(a) Any disease or infection caused by ingestion of, absorption of, inhalation of or contact with dust, fumes, vapors, gases, radiation or other substances.

"(b) Any mental disorder which requires medical services or results in physical or mental disability or death.

"(c) Any series of traumatic events or occurrences which requires medical services or results in physical disability or death.

including mental disorders. We examined the text and context of those statutes and this court's prior interpretations of them. *Id.* at 239-42. We noted that, although some provisions of the Workers' Compensation Law describe certain causes of accidental injuries or occupational diseases, workers make claims for the latter, not for their causes. *Id.* at 242. We concluded that ORS 656.005(7), relating to compensable injuries, refers to "events" and that ORS 656.802, relating to occupational diseases, including mental disorders, refers to "ongoing conditions or states of the body or mind." *Ibid.* We held that a heart attack is an "event," *ibid.*, and that, accordingly,

> "a heart attack, *whether it is caused by physical exertion, by on-the-job stress, or by both*, is an accidental injury within the meaning of ORS 656.005(7). A heart attack is not a 'mental disorder' within the meaning of ORS 656.802. Accordingly, the requirements relating to mental disorders established in ORS 656.802(3) do not apply to a claim for compensation for a heart attack." *Id.* at 242-43 (emphasis added; footnote omitted).

■■■ Thus, in reviewing the record of a workers' compensation claim, the Board's first task is to determine which provisions of the Workers' Compensation Law are applicable. In this case, if claimant's claim was based on her episode of colitis, whether caused by physical factors, by job stress, or by both, ORS 656.005(7) applies, because that episode is an

---

"(2) The worker must prove that employment conditions were the major contributing cause of the disease or its worsening. * * *

"(3) Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter:

"(a) Unless the employment conditions producing the mental disorder exist in a real and objective sense.

"(b) Unless the employment conditions producing the mental disorder are conditions other than the conditions generally inherent in every working situation or reasonable disciplinary, corrective, or job performance evaluation actions by the employer, or cessation of employment.

"(c) Unless there is a diagnosis of a mental or emotional disorder which is generally recognized in the medical or psychological community.

"(d) Unless there is clear and convincing evidence that the mental disorder arose out of and in the course of employment."

We agree with the majority below that 1990 amendments to ORS 656.802 do not affect the analysis of the question before us; the introductory phrase and the wording of paragraph (1)(b) remain the same.

"event" constituting an accidental injury. If, on the other hand, her claim was based on her personality disorder, ORS 656.802 (relating to occupational diseases in the form of mental disorders) applies, and the requirements of that provision must be met, whether the cause of the mental disorder was physical, non-physical, or both. *See generally* Diagnostic and Statistical Manual of Mental Disorders (3d ed (revised) 1987) (classifying mental disorders and specifying possible causes, including physical causes such as head trauma and non-physical causes such as worry about life circumstances). Finally, if claimant's claim encompasses both her episode of colitis and her personality disorder, the Board must analyze each claim separately under the applicable provision.

■ Claimant sought compensation for both her colitis and her personality disorder.[6] She alleged that those disabilities were caused by the stress of the May 14, 1991, meeting at work. The Board found that claimant's preexisting personality disorder was "unaffected by the stress at work" and that "the primary cause or major contributing cause of claimant's personality disorder, which [was] diagnosed in August 1991, was claimant's relationship with her mother and her inability to resolve her feelings after her mother died." The Board concluded that "claimant's psychological condition was due, in major part, to factors other than work conditions" and that claimant failed to prove "that her psychological condition arose out of and in the course of her employment." Substantial evidence supports the Board's findings relating to claimant's mental disorder. Given those findings, the Board was entitled to hold that claimant's mental disorder was not compensable under ORS 656.802.

■ The Board erred, however, in not analyzing separately, under ORS 656.005(7), claimant's episode of colitis, alleged to have been caused by the stress of the May 14, 1991, meeting at work. Claimant is entitled to the Board's review of that portion of her claim under the standards that apply to injuries.

---

[6] For the purpose of our review in this case, the parties agree that claimant's personality disorder is a "mental disorder" within the meaning of ORS 656.802. We assume that their characterization is correct, and we need not define "mental disorder" definitively to resolve the issue presented. *See Mathel v. Josephine County*, 319 Or 235, 242 n 2, 875 P2d 455 (1994) (explaining that court used that term in its ordinary sense).

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Board for further proceedings.