Argued and submitted May 9, decision of the Court of Appeals reversed; order of the Workers' Compensation Board reversed, and case remanded to the Board for further proceedings June 23, reconsideration denied August 10, 1994

In the Matter of the Compensation of
Jerry B. Mathel, Claimant.

Jerry B. MATHEL,
*Petitioner on Review,*

*v.*

JOSEPHINE COUNTY,
*Respondent on Review.*

(WCB 90-18752; CA A76236; SC S40735)

875 P2d 455

Michael M. Bruce, of Rasmussen & Henry, Eugene, argued the cause for petitioner on review. With him on the petition was Eveleen Henry.

Michael G. Bostwick, of Bostwick, Sheridan & Bronstein, Portland, argued the cause and filed a response for respondent on review.

James S. Coon and Susan Dobrof, of Royce, Swanson, Thomas & Coon, Portland, filed a brief on behalf of *amicus curiae* Oregon Workers' Compensation Attorneys.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

GRABER, J.

**GRABER, J.**

This case involves the interpretation of provisions of the Workers' Compensation Law, ORS chapter 656, relating to types of compensable claims. Claimant is a corrections officer at the Josephine County jail. He had hypertension, which had been under control for many years. On August 23, 1990, after experiencing two days of abnormally high stress at work, claimant suffered an episode of acute hypertension culminating in a myocardial infarction (heart attack). He filed a workers' compensation claim. His employer denied the claim.

After a hearing, the referee found that claimant's heart attack was caused by acute hypertension and that "claimant's job-related stress was a material contributing cause" of his hypertension. The referee concluded that claimant's hypertension and resulting heart attack constituted a compensable injury. The Workers' Compensation Board initially affirmed the referee's order.

Thereafter, however, the Court of Appeals decided *SAIF v. Hukari*, 113 Or App 475, 833 P2d 1307, *rev den* 314 Or 391 (1992). In *Hukari*, the Court of Appeals held that, under the 1987 amendments to the Workers' Compensation Law,

> "*any* claim that a condition is *independently compensable* because it was *caused by on-the-job stress*, regardless of the suddenness of the onset or the unexpected nature of the condition, and regardless of whether the condition is mental or physical, must be treated as a claim for an occupational disease under ORS 656.802." *Id.* at 480 (emphasis in original).

Relying on the Court of Appeals' decision in *Hukari*, the Workers' Compensation Board reconsidered claimant's case and reversed its initial decision. The Board concluded that the claim must be analyzed under ORS 656.802 and that, because claimant did not have a diagnosed mental disorder as required by ORS 656.802(3)(c), the claim was not compensable.

Claimant petitioned for judicial review. The Court of Appeals, sitting *in banc*, affirmed the Board's order on reconsideration. *Mathel v. Josephine County*, 122 Or App 424, 858

P2d 450 (1993). We allowed claimant's petition for review and now reverse the decision of the Court of Appeals.

ORS 656.005(7)(a) provides:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A)   No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

"(B)   If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

ORS 656.802 provides:

"(1)   As used in this chapter, 'occupational disease' means any disease or infection arising out of and in the course of employment caused by substances or activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and which requires medical services or results in disability or death, including:

"(a)   Any disease or infection caused by ingestion of, absorption of, inhalation of or contact with dust, fumes, vapors, gases, radiation or other substances.

"(b)   Any mental disorder which requires medical services or results in physical or mental disability or death.

"(c)   Any series of traumatic events or occurrences which requires medical services or results in physical disability or death.

"(2)   The worker must prove that employment conditions were the major contributing cause of the disease or its worsening. * * *

"(3)   Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter:

"(a)   Unless the employment conditions producing the mental disorder exist in a real and objective sense.

"(b)   Unless the employment conditions producing the mental disorder are conditions other than the conditions generally inherent in every working situation or reasonable disciplinary, corrective, or job performance evaluation actions by the employer, or cessation of employment. ·

"(c)   Unless there is a diagnosis of a mental or emotional disorder which is generally recognized in the medical or psychological community.

"(d)   Unless there is clear and convincing evidence that the mental disorder arose out of and in the course of employment."[1]

■      It is not disputed on review that claimant established his case by medical evidence supported by objective findings and that he met the requirements of ORS 656.005(7)(a)(A) and (B), set out above. What is at issue is whether claimant's heart attack properly is analyzed as an accidental injury under that statute or, instead, must be analyzed under ORS 656.802, relating to occupational diseases, including mental disorders.

■      In interpreting a statute, the court's task is to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The best evidence of the legislature's intent is the text of the statute. *Id.* at 610-11. In reading the text, the court uses relevant rules of construction, such as the rule that words of common usage typically should be given their ordinary meaning. *Id.* at 611. Also at the first level of analysis, the court considers the context of the statutory provision at issue, including other provisions of the same statute and other statutes relating to the same subject. *Ibid.* If the intent of the legislature is not clear from the text and context of the statute, the court considers the legislative history of the statute. *Id.* at 611-12. If the intent of the legislature remains unclear after the completion of the foregoing inquiries, the court may resort to general maxims of statutory construction for assistance in resolving the remaining uncertainty. *Id.* at 612. Also relevant

---

[1] We agree with the majority below that 1990 amendments to ORS 656.802 do not affect the analysis of the question before us; the introductory phrase and the wording of paragraph (1)(b) remain the same.

in this case is the principle that, when the Supreme Court has construed a statute, that construction becomes part of the statute. *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992).

The Workers' Compensation Law does not define the terms "injury" or "disease." The ordinary meaning of the term "injury" is "an act that damages, harms, or hurts"; "hurt, damage, or loss sustained." Webster's Third New Int'l Dictionary 1164 (unabridged ed 1993). The ordinary meaning of the term "disease" is "an impairment of the normal state of the * * * body"; "sickness, illness." *Id.* at 648. "Sickness" is defined in part as "the condition of being ill." *Id.* at 2111. "Illness" is defined in part as "an unhealthy condition of the body or mind." *Id.* at 1127. The foregoing definitions suggest that a heart attack is an "injury," because it is an event, as distinct from an ongoing condition or state of the body or mind.

That conclusion is consistent with this court's decision in *James v. SAIF*, 290 Or 343, 614 P2d 565 (1981). In that case, this court considered the difference between "injury" and "disease" under the Workers' Compensation Law and adopted the following distinction:

> " 'What set[s] occupational diseases apart from accidental injuries [is] * * * the fact that they [are] gradual rather than sudden in onset. * * *' " *Id.* at 348 (quoting 1B Larson's Workmen's Compensation Law § 41.31 as cited in *O'Neal v. Sisters of Providence*, 22 Or App 9, 537 P2d 580 (1975)).

A heart attack likewise fits the criterion of sudden onset.

More particularly, this court's previous cases have treated heart attacks arising from *physical exertion* as "injuries" within the meaning of the Workers' Compensation Law for over 30 years. In *Olson v. State Ind. Acc. Com.*, 222 Or 407, 352 P2d 1096 (1960), this court considered whether the deceased worker's heart attack was a compensable injury under the 1957 amendments to the statute. The worker was a jackhammer operator who suffered a fatal heart attack while operating that tool. *Id.* at 409. His widow sought workers' compensation benefits. The trial court found in her favor, and this court affirmed. *Id.* at 410, 416.

The court examined the extant statutory provisions. Under ORS 656.202(1) (1959), a worker was entitled to compensation if the worker "sustain[ed] an accidental injury arising out of and in the course of his employment." ORS 656.002(19) (1959) provided that "[a]n injury is accidental if the result is an accident, whether or not due to accidental means." Applying those provisions, the court held that "any workman who undesignedly and unexpectedly suffer[s] a hurt, without reference to whether the cause of the injury itself was accidental," meets the requirement of an "accidental" injury. *Olson v. State Ind. Acc. Com., supra,* 222 Or at 413. Under that test, the accidental element of the statute was satisfied in that case, because the worker "did not intend his sudden death, it was not expected nor designed, but was an unlooked for and unexpected *event.*" *Id.* at 414 (emphasis added). The court also concluded that there was evidence from which the trier of fact properly could determine that the worker's work "contributed to the injury which led to his death." *Id.* at 416. Therefore, the heart attack was compensable. *Ibid.*

The provisions of the Workers' Compensation Law that this court construed in *Olson v. State Ind. Acc. Com., supra,* remain unchanged. Thus, this court's previous interpretation of those provisions also suggests that a heart attack arising out of and in the course of employment — at least one caused by physical exertion — is an accidental injury.

Claimant's heart attack, however, purportedly was caused by stress, rather than by physical exertion. This court has not previously considered how to categorize that kind of claim.

As stated, in *SAIF v. Hukari, supra,* the Court of Appeals held that "any claim that a condition is independently compensable because it was caused by on-the-job stress" must be considered as a claim for a mental disorder under the post-1987 occupational disease statute, ORS 656.802, quoted in part above. In the present case, the Court of Appeals applied that interpretation to a heart attack caused by job stress. *Mathel v. Josephine County, supra.*

■ ■ We conclude that the Court of Appeals erred in so holding. As explained above, we interpret the text of ORS

656.005(7)(a), relating to "compensable injury," as referring to events, and we interpret the text of ORS 656.802, relating to "occupational disease," as referring to ongoing conditions or states of the body or mind. As also previously explained, a heart attack is an event. Accordingly, a heart attack, including one precipitated by job stress, is an "injury" within the meaning of ORS 656.005(7).

Our conclusion in that regard is supported by the statutory context. Under the Workers' Compensation Law as a whole — that is, with respect to both "injury" claims and "occupational disease" claims — workers make claims for *accidental injuries* or *occupational diseases*, not for the *causes* of those accidental injuries or occupational diseases. *See* ORS 656.005(7)(a) (providing in part that a "compensable injury" is an accidental injury meeting certain criteria); ORS 656.802 (providing in part that an "occupational disease" is a disease or infection meeting certain criteria). Some provisions of the Workers' Compensation Law expressly describe certain causes, which are differentiated from the concepts of "compensable injury" and "occupational disease." *See* ORS 656.005(7)(b) ("compensable injury" does not include injuries caused by various activities such as consumption of alcoholic beverages); ORS 656.802(1)(a) ("occupational disease" includes diseases or infections caused by ingestion, absorption or inhalation of, or contact with, various substances).

Because the text and context of the statute, as well as this court's prior interpretations of relevant portions thereof, make the legislative intent clear, we do not consider legislative history or other aids to construction. *See PGE v. Bureau of Labor and Industries, supra,* 317 Or at 610-12 (discussing method of analysis).

We hold that a heart attack, whether it is caused by physical exertion, by job stress, or by both, is an accidental injury within the meaning of ORS 656.005(7). A heart attack is not a "mental disorder"[2] within the meaning of ORS

---

[2] We need not arrive at a comprehensive definition of "mental disorder" to resolve this case. ORS chapter 656 does not define the term. We use it in its ordinary sense. *See* Webster's Third New Int'l Dictionary 1411 (unabridged ed 1993) ("mental" means "of or relating to the mind"; "relating to the total emotional and intellectual response of an organism to its environment"; "of, relating to, or affected

656.802. Accordingly, the requirements relating to mental disorders established in ORS 656.802(3) do not apply to a claim for compensation for a heart attack.

In this case, claimant sought compensation for a heart attack. Claimant's heart attack is compensable if he meets the statutory requirements for accidental injuries. The cause of claimant's heart attack — whether physical exertion, non-physical factors, or a combination thereof — is immaterial to the requirement that his claim be analyzed as an allegedly compensable accidental injury.

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Board for further proceedings.

---

by * * * psychiatric disorders"); *id.* at 652 ("disorder" means "an abnormal * * * condition"; "ailment"). *See also* Diagnostic and Statistical Manual of Mental Disorders xxii (3d ed (revised) 1987) (explaining that "no definition adequately specifies precise boundaries for the concept 'mental disorder' " but that, in that reference work, a mental disorder "is conceptualized as a clinically significant behavioral or psychological syndrome or pattern * * * that is associated with present distress * * * or disability" and that is not "merely an expectable response to a particular event").