Argued and submitted March 14, affirmed October 5, 1994

In the Matter of the Compensation of
DeMar L. Batchelor, Deceased, Claimant.

SAIF CORPORATION
and Brisbee & Stockton,
*Petitioners,*

*v.*

Judith G. BATCHELOR,
Beneficiary of DeMar L. Batchelor, Deceased,
*Respondent.*

(WCB 92-00598; CA A80656)

882 P2d 615

David L. Runner, Assistant Attorney General, argued the cause for petitioners. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Kevin Keaney argued the cause for respondent. On the brief were Jodie A. Bushman and Pozzi Wilson & Atchison.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Haselton, Judge.

DEITS, P. J.

### DEITS, P. J.

Employer seeks review of an order of the Workers' Compensation Board awarding survivor's benefits to the widow of a worker who died as a result of a heart attack allegedly caused by job stress. We affirm.

Decedent was a lawyer who practiced in a small firm in Hillsboro. Over the years, his relationship with one of the persons with whom he practiced deteriorated significantly. Eventually, the situation became so hostile that it was necessary to attempt to negotiate an end to the business relationship. The discussions that occurred concerning how to resolve the dispute quickly became antagonistic. During the same time period, a long-time client filed two malpractice lawsuits against decedent. Both of those situations were extremely upsetting to decedent. During that time, decedent was also managing a busy practice that required him to work long hours. Those close to him, who observed him during that time, said that the effect of the stress of these events was very evident and was substantial. A colleague who was handling the malpractice case for decedent and who had known him for a long time stated that, during a meeting regarding the lawsuits, decedent, who generally was calm, was terribly upset and appeared flushed and agitated.

Decedent was found dead at his home on June 18, 1991. He was not under medical care at the time of his death, and there is no evidence that, before his death, he had been aware of any health problems that required medical attention. An autopsy revealed that he had coronary artery disease and myocarditis. The two cardiologists who examined decedent's records concluded that he died of ventricular fibrillation, which is an abnormal loss of heart rhythm that causes the heart to be ineffective in moving blood through the body. Both doctors agreed that stress contributed to decedent's death, but they disagreed on the magnitude of the contribution.

One of the cardiologists, Dr. Toren, stated that, in his opinion, decedent's underlying cardiac problems could have predisposed him to sudden death by ventricular fibrillation. However, he indicated that it was uncommon for coronary artery disease or myocarditis to result in sudden death absent

a trigger, such as extraordinary physical exertion or exceptional emotional stress. Toren concluded that the emotional stress that decedent was experiencing lowered his threshold for fibrillation and "played a major contributing role" in the fibrillation occurring when it did. He stated that claimant would not have died at the time that he did, had it not been for the stress that he was undergoing.

Dr. DeMots, the other cardiologist who reviewed decedent's records, did not completely agree with Toren. DeMots identified three potential factors that he believed could have contributed to decedent's ventricular fibrillation: coronary artery disease, myocarditis and stress. It was his opinion that the myocarditis was the major cause of the fibrillation, that the stress was a contributing, but minor, factor and that the coronary artery disease did not contribute at all.

Decedent's widow, claimant, filed a claim for death benefits. Employer denied the claim, and claimant requested a hearing on the denial. The referee concluded that decedent's work activities were the major contributing cause of his death and set aside the denial. The Board adopted the hearings officer's findings. It concluded that, under *SAIF v. Hukari*, 113 Or App 475, 833 P2d 1307, *rev den* 314 Or 391 (1992), the case must be analyzed as an occupational disease claim because it involved a claim in which the condition was allegedly caused by on-the-job stress, and that, accordingly, in order to be compensable, decedent must have suffered from a mental disorder. ORS 656.802(3). It then found that decedent did suffer from a mental disorder and held that the claim was compensable, because decedent's work environment "constituted the major contributing cause of his psychological condition, which, in turn, led to his fatal fibrillation condition and, ultimately, his death." Employer seeks review of the Board's order.

■ Employer first argues that the Board erred in concluding that decedent suffered from a mental disorder. Employer contends that mental stress is not a "diagnosis of a mental or emotional disorder which is generally recognized in the medical or psychological community" within the meaning of ORS 656.802(3)(c). It is unnecessary, however, to address that question. After this case was argued before this court,

the Supreme Court issued its decision in *Mathel v. Josephine County*, 319 Or 235, 875 P2d 455 (1994). The court held in *Mathel* that a heart attack, including one precipitated by job stress, is an "injury" claim. Accordingly, this case should not be analyzed as an occupational disease claim, and a determination as to whether or not stress is a "mental disorder" for purposes of the occupational disease statute is now irrelevant.

■    We recognize that the Board did analyze this claim as a disease claim, rather than as an injury claim as *Mathel* now requires. However, because the Board found that decedent's work activities were the major contributing cause of his death, it necessarily follows that the claim would be compensable if it is analyzed under ORS 656.007(7)(a)(B) as involving a preexisting condition or if it is analyzed as an injury where the material contributing cause standard would apply. It would serve no purpose to remand the case for the Board to reconsider its decision.

■    Employer also argues that the Board's conclusion that decedent's work related stress was the major contributing cause of his death by ventricular fibrillation is not supported by substantial evidence. We disagree. The Board's conclusion was supported by substantial evidence, namely, the testimony of Dr. Toren. Although, as discussed above, there was conflicting medical evidence, the Board explained that it was accepting Toren's opinion because, in its view, his opinion was more complete and well reasoned than DeMots's opinion. Toren's opinion constituted substantial evidence to support the Board's conclusion. The Board did not err in concluding that the claim is compensable.

Affirmed.