Argued and submitted July 18, 1994, affirmed January 4, 1995

In the Matter of the Compensation of
Linda D. Renalds, Claimant.

HEWLETT-PACKARD COMPANY,
*Petitioner,*

*v.*

Linda D. RENALDS,
*Respondent.*

(92-05094; CA A82452)

888 P2d 92

Eli Stutsman argued the cause for petitioner. On the brief were Janet M. Schroer and Hoffman, Hart & Wagner.

Quentin B. Estell argued the cause for respondent. With him on the brief was Estell & Bewley.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

### RIGGS, J.

Employer seeks review of a Workers' Compensation Board order holding that claimant's occupational disease is compensable. ORS 656.298. It argues that the Board erred by deciding the claim on a theory that was not properly argued. We affirm.

Claimant began working for employer in 1979, and worked in a variety of capacities. In late 1987, claimant experienced bilateral hand and forearm pain, swelling, numbness and tingling. In December, 1988, claimant sought treatment from Dr. Miller, who diagnosed right arm overuse syndrome. Nerve conduction studies revealed bilateral carpal tunnel syndrome (CTS). Claimant filed a workers' compensation claim with employer for a strain of her left hand and right arm. Employer issued a letter to claimant accepting her "right arm overuse syndrome" as a non-disabling injury and paid for all of claimant's treatment.

In August, 1991, claimant quit her job with employer and returned to school. In September, she began cleaning houses on a part-time basis but, after her first house, she experienced increased symptoms of numbness and swelling in both hands. Claimant went to Dr. Pribnow, who diagnosed bilateral hand and wrist pain and paresthesias. Nerve conduction studies again revealed bilateral CTS, greater on the right, with a slight progression since 1988. Claimant was referred to Dr. Yamanaka, who requested surgical authorization to perform a right carpal tunnel release in December, 1991. Employer refused authorization and denied the compensability of the CTS. Claimant requested a hearing. The referee analyzed the claim as one for aggravation of the accepted 1988 claim and concluded that claimant's earlier accepted claim for right arm overuse syndrome was a material contributing cause of her current need for treatment. The referee ordered employer's denial set aside. Employer sought review, and the Board concluded that the referee's analysis was "too limited," in that it focused solely on an aggravation theory, that is, on the causal relationship between the previously accepted condition and the current CTS condition. The Board determined that claimant's work activities with employer were the major contributing cause of her bilateral

CTS and, therefore, her claim was compensable as an occupational disease. ORS 656.802(2).

Employer assigns error to the Board's conclusion that claimant established a claim for an occupational disease. It argues that the occupational disease theory was not properly before the Board, because claimant failed to raise the theory before the referee. We disagree.

At all stages of this case, the relationship between the CTS and claimant's working conditions has been at issue. Employer's denial states:

> "[I]t has been determined that the bilateral carpal tunnel syndrome is unrelated to your compensable workers' compensation claim for right arm overuse syndrome and, additionally, that your employment [at employer] is not the major contributing cause of your bilateral carpal tunnel syndrome.

> "Therefore, we must issue this denial. Our denial is based on the fact that *it does not appear your condition was worsened by or arose out of and in the course of your employment, either by accident or occupational disease*, within the meaning of the Oregon Workers' Compensation Law." (Emphasis supplied.)

In her request for a hearing, claimant checked the box requesting review of the compensability of her claim. Before opening statements at the hearing, the referee asked:

> "The sole issue before me is an aggravation denial for bilateral carpal tunnel syndrome conditions. That was denied on April 2, 1992. Is that right?"

Both counsel agreed with the referee's statement. However, during opening argument, claimant's counsel stated that "[i]t is our contention that the conditions are the result of the original work exposure." The implications of this were made clear later in the hearing, when the following colloquy occurred:

> "[CLAIMANT'S COUNSEL]: At the beginning of the hearing, you asked if this was a straight aggravation case. We said yes. Actually, there's a little more to it than that. They say 'the bilateral carpal tunnel syndrome is unrelated to your compensable workers' compensation claim for right arm overuse syndrome. *Additionally, your employment at*

*[employer] is not the major contributing cause of your bilateral carpal tunnel syndrome,' which goes beyond a simple aggravation.* So, certainly, that raises more issues than saying we agree that all these problems were at one time our responsibility, but they are no longer." (Emphasis supplied.)

The colloquy makes clear that, at the hearing, claimant raised the issue of whether her current CTS was the result of her work with employer.

The fact that claimant had not previously labeled her claim as one for an occupational disease is immaterial. As the Supreme Court recognized in *DiBrito v. SAIF*, 319 Or 244, 875 P2d 459 (1994), a claim may be cognizable under either an occupational disease or an accidental injury theory. In such a case, "the Board's first task is to determine which provisions of the Workers' Compensation Law are applicable." 319 Or at 248. That is exactly what the Board did here; it determined that the provisions concerning occupational disease were applicable to claimant's claim.[1] Thus, we conclude that the issue of claimant's occupational disease was properly before the Board.

Affirmed.

---

[1] Employer does not argue that CTS is not an occupational disease.