Argued and submitted on March 16, affirmed June 9, 2004

In the Matter of the Compensation of
Richard N. Hoffman, Claimant.

SAIF CORPORATION
and Kinzua Corporation,
*Petitioners,*

*v.*

Richard N. HOFFMAN,
*Respondent.*

01-02155; A120497

91 P3d 812

Jerome P. Larkin argued the cause and filed the briefs for petitioners.

Aukjen T. Ingraham argued the cause and filed the brief for the respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

The Workers' Compensation Board (board) found petitioners SAIF Corporation and its insured, Kinzua Corporation, responsible for claimant's hearing loss. Petitioners contend that the board erred in assigning responsibility for claimant's hearing loss to Kinzua and, if Kinzua does bear responsibility, that the board erred in finding that the actual cause of the condition occurred during a period when SAIF insured Kinzua. We review for errors of law and substantial evidence, ORS 656.298(7); ORS 183.482(7), (8), and affirm.

Claimant began working for Kinzua, a wood products company, in 1972. His duties included a variety of tasks, many of which exposed him to high levels of noise. He stayed with Kinzua for 22 years. During that time, Kinzua carried workers' compensation insurance issued by SAIF, except for a four-year interval between 1978 and 1982 and a two-year interval between 1986 and 1988.

After leaving Kinzua in 1994, claimant became a self-employed truck driver, working only part of each year. Truck driving constituted claimant's exclusive employment after Kinzua (except for a four-day stint with a company named Carter & Company) up to and past the time that he had an audiological evaluation on January 11, 2001, the results of which indicated mild to severe hearing loss treatable with hearing aids. A follow-up evaluation from a physician a month later confirmed that diagnosis.

Claimant sought workers' compensation benefits from Kinzua. Through its insurer, SAIF, Kinzua denied the claim and asserted that the four-day employment at Carter & Company might be responsible. SAIF arranged another exam, this one from Dr. Hodgson. In Hodgson's opinion, claimant's exposure to noise while employed by Kinzua was the major contributing cause of his hearing loss, but the truck driving could also have exposed him to injurious noise.

Claimant requested a hearing on SAIF's denial of his claim. An administrative law judge affirmed, and claimant appealed to the board. The board reversed. In deciding the

case, the board employed the last injurious exposure rule (LIER) to analyze petitioners' defense. LIER is both a rule of proof and a rule of assignment of responsibility. *Willamette Industries, Inc. v. Titus,* 151 Or App 76, 80, 950 P2d 318 (1997) (citing *Roseburg Forest Products v. Long,* 325 Or 305, 309, 937 P2d 517 (1997)). The rule of proof allows a claimant to prove the compensability of a condition by proving that the condition resulted from employment without having to prove the degree, if any, to which exposure to disability-causing conditions at a particular employment actually caused the claimant's condition. *Id.* Under LIER as a responsibility-assigning rule, full responsibility falls presumptively to the last employer (before the onset of disability or treatment) that exposed the claimant to working conditions of the kind that could cause the disability. *Roseburg Forest Products,* 325 Or at 309. If a claimant chooses not to rely on LIER's rule of proof and instead to prove that conditions at a particular employer actually caused the disease, that employer can defensively invoke LIER to shift responsibility to a subsequent employer. *Willamette Industries, Inc.,* 151 Or App at 81. However, "a necessary factual predicate for the defensive use of the rule of responsibility is proof that 'the subsequent employment actually contributed to the worsening of an underlying disease.' " *Id.* (quoting *Spurlock v. International Paper Co.,* 89 Or App 461, 465, 749 P2d 611 (1988)). In other words, the employer must prove that the subsequent employment "independently contributed" to the injury before the rule of responsibility can be invoked defensively. *Id.* at 82.

SAIF conceded that work-related noise exposure was the major contributing cause of claimant's hearing loss; therefore, the only issue before the board was responsibility. Claimant chose not to rely upon LIER, opting instead to prove that his employment with Kinzua was the actual cause of his injury. The board found, based on all of the medical evidence, that "actual causation has been established with respect to SAIF's insured," that is, Kinzua, even though claimant's employment as a truck driver after he left Kinzua "could have caused claimant's disability." The board assigned responsibility to SAIF. In a petition for reconsideration, SAIF pointed out that it had not insured Kinzua from April 1, 1978

to March 31, 1982, or from April 1, 1986 through March 31, 1988. The board agreed but adhered to its earlier order, stating that the factual correction did not affect its ultimate determination of responsibility.

■ On judicial review, SAIF does not argue that the board erred in finding that employment at Kinzua was the actual cause of claimant's disability, nor does it argue that the board should have found the link between claimant's disability and employment after Kinzua to be anything more than a mere possibility. Rather, SAIF argues that the board erred in assigning presumptive responsibility to Kinzua when the board found as fact that "claimant's employment after he left [Kinzua] could have caused" his disability. According to SAIF, the board should have found that claimant's last employer before the January 2001 audiological exam—that is, claimant himself—was presumptively responsible because it found that truck driving "could have caused" his hearing loss, and then it should have determined whether claimant successfully shifted responsibility back to an earlier employer. That argument, however, is based on the assumption that claimant and the board used LIER to determine compensability. When a claimant has successfully invoked LIER to prove compensability, then presumptive responsibility lies with the last employer before the onset of the disability unless that employer can establish that conditions at its workplace could not possibly have caused the disability or that an earlier employment was the sole cause of it. *Roseburg Forest Products*, 325 Or at 313; *Willamette Industries, Inc.*, 151 Or App at 82 n 4. Here, however, neither the board nor claimant invoked LIER to prove compensability. Rather, claimant chose to prove actual causation, and petitioners chose to use LIER defensively in an attempt to shift responsibility forward to a later employment, in particular, to claimant's self-employment.

Where, as here, a claimant proves actual causation,[1] an employer can succeed in shifting responsibility to a later

---

[1] SAIF argues that the board erred by mischaracterizing its concession that the hearing loss was compensable as an admission that employer was the actual cause of the hearing loss. However, the board discussed the medical evidence at length before concluding that employer's working conditions were the actual cause; it did not take actual cause as a given. Petitioners do not argue that the board's finding was not supported by substantial evidence.

employer only by adducing "proof linking" the subsequent employment to the disability, that is, proof that the later employment made an "independent contribution" to the disability. *Willamette Industries, Inc.*, 151 Or App at 82. The board's finding that employment after Kinzua hypothetically "could have" caused his disability is not the same as finding that employer proved a causal link to that employment. The board found only that truck driving is the kind of employment that can cause hearing loss and that, in fact, claimant's truck driving might possibly have contributed to his hearing loss, but that petitioners failed to prove "the necessary factual predicate for the defensive use of the LIER," that is, "*proof* that subsequent employment *independently contributed*" to claimant's disability. (Emphasis added.) That being the case, the board correctly concluded that petitioners did not succeed in shifting responsibility forward. The board correctly applied LIER.

■   SAIF next argues that, even if Kinzua bears responsibility for claimant's hearing loss, he failed to prove that it resulted from conditions of employment during periods of SAIF coverage, as opposed to the six years during which other insurers provided coverage. Once again, SAIF proceeds from an erroneous presumption. It is true that claimant did not prove that his hearing loss actually was caused solely by conditions of his employment during periods when SAIF was on the risk, but that fact does not render the board's conclusion erroneous.

LIER applies to successive insurers of a single employer. *Roseburg Forest Products*, 325 Or at 314. Here, in contrast to his decision to prove actual causation by a particular *employer's* working conditions, claimant did not attempt to prove that actual causation occurred during a period of coverage by any particular insurer of that employer. In such circumstances,

> "the [LIER] makes the last insurer of an employer fully responsible for the claimant's occupational disease *unless that insurer proves* either: (1) that it was impossible for workplace conditions at the time that it insured the employer to have caused the disease in this particular case or (2) that the disease was caused solely by employment

conditions at a time when the employer was insured by one or more previous insurers."

*Id.* at 314 (emphasis added).

Therefore, SAIF is correct that the record lacks evidence that the conditions contributing to claimant's hearing loss occurred during SAIF's coverage, but this lack cuts against SAIF, not claimant. *Roseburg Forest Products* establishes that it is the most recent *insurer* that bears the burden of proof. SAIF was Kinzua's insurer when claimant left in 1994. Therefore it is SAIF's burden to prove either that workplace conditions during periods of SAIF coverage could not possibly have caused claimant's hearing loss or that claimant's hearing loss was caused solely by conditions existing only from April 1, 1978 to March 31, 1982, or April 1, 1986 to March 31, 1988. SAIF made no attempt to prove either of those facts. Consequently, the board did not err in holding SAIF to be the responsible insurer.

Affirmed.