Argued and submitted January 9, affirmed May 13, petition for review denied October 12, 2015 (358 Or 145)

In the Matter of the Compensation of
Jerry F. Durant, Claimant.

SAIF CORPORATION;
and MPP Piping, Inc.,
*Petitioners,*

*v.*

Jerry F. DURANT;
McKinstry Company, LLC;
SAIF Corporation; and
Harder Mechanical-Intel OCIP,
*Respondents.*

Workers' Compensation Board
1105489, 1105488, 1103416;
A154773

350 P3d 489

David L. Runner argued the cause and filed the briefs for petitioners.

Jerald P. Keene argued the cause for respondent Harder Mechanical-Intel OCIP. With him on the brief was Oregon Workers' Compensation Institute, LLC.

Thaddeus J. Hettle filed the brief for respondent McKinstry Company, LLC-SAIF Corporation.

No appearance for respondent Jerry F. Durant.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

FLYNN, J.

## FLYNN, J.

Petitioners SAIF Corporation and its insured, MPP Piping, Inc. (MPP),[1] seek review of an order of the Workers' Compensation Board that found MPP responsible for claimant's 2011 shoulder condition as a consequential condition of claimant's 2006 shoulder injury at MPP. MPP contends that the board erred by refusing to apply the last injurious exposure rule (LIER) to shift responsibility for the admittedly work-related shoulder condition to a later employer. MPP also contends that the board erred in concluding that claimant's compensable injury was the major contributing cause of his 2011 shoulder condition. We conclude that substantial evidence supports the board's finding that claimant's 2006 injury was the major contributing cause of his full rotator cuff tear and that, based on that finding, the board properly classified the claim as a consequential condition for which MPP is liable. Accordingly, we affirm.

We state the facts consistently with the board's unchallenged factual findings. *Sparling v. Providence Health System Oregon*, 258 Or App 275, 276, 308 P3d 1103 (2013). Claimant, who worked for MPP as a pipefitter, suffered a workplace injury in November 2006, which SAIF accepted as a "right shoulder strain." In March 2007, Dr. Sedgewick performed surgery on claimant's right shoulder, during which he diagnosed "impingement and partial tear of the rotator cuff" and performed "arthroscopic subacromial decompression." He described the partial rotator cuff tear as it existed at the time of surgery as a "25% tearing." After the surgery, claimant worked as a pipefitter for two subsequent employers—McKinstry Company and Harder Mechanical.[2] The pipe-fitting work was physically demanding.

Claimant began to experience increasing discomfort in his right shoulder. In April 2011, he returned to Sedgewick, and an MRI revealed a full thickness tear of the rotator cuff. Claimant filed a new or omitted condition claim with MPP for his right rotator cuff tear with impingement,

---

[1] For ease of reference, we refer to petitioners collectively as MPP.

[2] Claimant worked for McKinstry Company from October 2007 to March 2008 and then worked for Harder Mechanical from March 2008 to May 2011.

and SAIF denied responsibility for the claim. Claimant then filed an occupational disease claim for the condition with employers McKinstry Company, also insured by SAIF, and Harder Mechanical, insured by Sedgwick.[3] Those employers also denied the claims, on the basis of responsibility only. Claimant requested a hearing on all three denials.

Following a hearing, the administrative law judge (ALJ) found that the November 2006 injury at MPP was the cause of claimant's partial thickness rotator cuff tear and impingement and that the partial tear, in turn, was the "direct and major contributing cause" of the full thickness rotator cuff tear and impingement. The ALJ also rejected MPP's attempt to shift responsibility to one of the later employers under the LIER, reasoning that the rule does not apply when "actual causation" has been established.

The board affirmed the ALJ's determinations that the 2006 injury was the major contributing cause of claimant's 2011 right shoulder condition and, thus, that the full thickness rotator cuff tear and impingement is a consequential condition of the compensable 2006 injury. *See* ORS 656.005(7)(a)(A).[4] The board also concluded that the claim was "most appropriately characterized as a consequential condition claim" and that the LIER, therefore, does not apply.

We first consider MPP's challenge to the Board's finding that claimant's 2006 injury at MPP was the major contributing cause of claimant's full thickness rotator cuff tear and impingement. We review the board's challenged

---

[3] For ease of reference, we refer to McKinstry Company and its insurer collectively as McKinstry, and Harder Mechanical and its insurer collectively as Harder.

[4] ORS 656.005(7)(a) provides, in part:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

factual findings for substantial evidence and substantial reason. ORS 656.298(7); ORS 183.482(8); *SAIF v. Martinez,* 219 Or App 182, 184, 182 P3d 873 (2008) (stating standard of review).

In finding that the 2006 injury was the major contributing cause of claimant's condition, the board relied on the opinion of Sedgewick as well as the opinions of Dr. Puziss, an orthopedic surgeon who examined claimant and reviewed his records, and Dr. Keizer, who examined claimant on behalf of the insurers. Sedgewick opined that the November 2006 injury was the major cause of the "partial tear and impingement," and that the partial tear progressed to the full thickness tear, which was also caused in major part by the 2006 work injury. Keizer also opined that "the major contributing cause of the full thickness tear and need for treatment" was the November 2006 injury, explaining that the partial tear "failed to heal" and "the full thickness tear developed as a direct consequence of the partial tear resulting from the 2006 injury." Similarly, Puziss opined that the 2006 injury was the major contributing cause of the full thickness tear and impingement, because the partial tear "never healed."[5] The board determined that, based on the "persuasive opinions" of those three medical experts, there was sufficient evidence in the record to establish that the partial thickness tear was compensably related to the 2006 injury and was the major contributing cause of the full thickness rotator cuff tear and impingement. That finding is supported by substantial evidence.

MPP, nevertheless, urges us to declare the three medical opinions "legally insufficient" because "the expression 'major contributing cause' has a very specific meaning under the workers' compensation law" and, "[a]bsent some confirmation that the doctor understood the legally correct meaning of the expression, then the doctor's opinion is inherently ambiguous and legally insufficient for a lay fact-finder to find major contributing cause." We have repeatedly held, however, that there are no "magic words" required for an expert to express a "major contributing cause" opinion. *See,*

---

[5] During the 2007 surgery, Sedgewick identified the partial tear but did not repair it.

*e.g., Freightliner Corp. v. Arnold,* 142 Or App 98, 104-05, 919 P2d 1192 (1996) (citing *McClendon v. Nabisco Brands, Inc.,* 77 Or App 412, 417, 713 P2d 647 (1986)). Rather, we allow the board to "draw reasonable inferences from the medical evidence[.]" *Benz v. SAIF,* 170 Or App 22, 26, 11 P3d 698 (2000); *see also O'Connor v. Liberty Northwest Ins. Corp.,* 232 Or App 419, 425, 222 P3d 1097 (2009) (stating that we accept the board's interpretation of medical evidence if "'the record, viewed as a whole, would permit a reasonable person to make that finding'" (quoting ORS 183.482(8)(c))).

Thus, while "determining the 'major contributing cause' involves evaluating the relative contribution of different causes of an injury or disease," we have made it clear that the board may infer from context that an expert engaged in this weighing process. *Dietz v. Ramuda,* 130 Or App 397, 401, 882 P2d 618 (1994), *rev dismissed,* 321 Or 416 (1995); *see also Allied Waste Industries, Inc. v. Crawford,* 203 Or App 512, 520, 125 P3d 794 (2005), *rev den,* 341 Or 80 (2006) (*Crawford*). In *Crawford,* the ALJ and board credited an expert opinion that did not "*explicitly* assess or weigh the relative contribution of all of the potential causes[.]" 203 Or App at 522 (emphasis added). We affirmed, concluding that the board could reasonably infer from the context of the expert opinion that the expert "did weigh the relative contributions of the work incident and the other contributing causes." *Id.*

Here, each medical opinion on which the board relied explicitly states that the doctor took into account the contribution of subsequent work to the worsening of claimant's rotator cuff tear and concluded that the original partial tear, which never healed, was the major contributing cause.[6] There is nothing unreasonable about the board's inference that the doctors in fact weighed the relative contribution of the later work exposure against the contribution of the partial tear from the 2006 injury.

---

[6] We reject MPP's assertion that Sedgewick's description of a 25 percent tear at the time of claimant's 2007 surgery "necessarily" means a major portion of claimant's tear (75 percent) occurred after he began working for the other employers. None of the experts viewed the question of contribution to claimant's full tear as a mere mathematical formula, and the board properly relied on their expertise.

MPP's primary argument is that, even if claimant's full thickness rotator cuff tear was caused in major part by the 2006 injury at MPP, the board should have applied the LIER and assigned responsibility to a later employer. The LIER is a judicially created rule that is "both a rule of proof and a rule of assignment of responsibility." *SAIF v. Hoffman*, 193 Or App 750, 753, 91 P3d 812 (2004) (citing *Willamette Industries, Inc. v. Titus*, 151 Or App 76, 80, 950 P2d 318 (1997)). As a rule of proof, the LIER allows a claimant to prove that a disease is compensable because it is caused by work exposure generally, "without having to prove the degree, if any, to which exposure to disease-causing conditions at a particular employment actually caused the disease." *Roseburg Forest Products v. Long*, 325 Or 305, 309, 937 P2d 517 (1997). "As a rule of assignment of responsibility, the last injurious exposure rule assigns full responsibility to the last employer that could have caused the claimant's injury." *Id.*

Our cases have emphasized that, when a claimant brings a consequential condition claim, and the board finds a claimant's condition compensable as a consequential condition of a previously accepted injury, then liability is to be assigned to that employer under ORS 656.005(7)(a)(A), rather than according to one of the judicially created rules for assigning responsibility among multiple employers. *See SAIF v. Webb*, 181 Or App 205, 211, 45 P3d 950 (2002) (rejecting suggestion that responsibility for claimant's condition should be determined under a judicially created rule—analogous to the LIER—for assigning responsibility among multiple employers, because proof that the claimant's condition was caused in major part by an injury at a specific prior employer meant that employer was liable under ORS 656.005(7)(a)(A) for the consequential condition); *Garoutte v. Mail Well Corp.*, 200 Or App 507, 513, 115 P3d 957 (2005), *rev den*, 340 Or 673 (2006) (describing *Webb* as declining to apply the LIER upon proof that a prior compensable injury was the major contributing cause of the condition). In *Waste Management v. Pruitt*, 224 Or App 280, 285-86, 198 P3d 429 (2008), *rev den*, 346 Or 66 (2009), we affirmed the board's assignment of responsibility for the claimant's arthritic knee condition under the LIER to the last employer

that could have contributed to the condition. Despite the last employer's effort to defensively point to a prior injury at a nonjoined employer as the major contributing cause of the claimant's condition, we concluded that the board found the claimant's condition was most appropriately characterized as an occupational disease caused by "'treatment of the [prior] injury *and subsequent factors*[.]'" *Pruitt*, 224 Or App at 285-86 (quoting board's order; emphasis in *Pruitt*).

Although MPP suggests that the workers' compensation bar is confused about when to follow *Pruitt* and when to follow *Webb* in assigning responsibility, the board's decision reflects a correct understanding of the analytical framework described in both cases. As we emphasized in *Pruitt*,

> "[b]ecause the board found that claimant's condition is properly considered as an occupational disease, and not as a consequential condition, *see DiBrito v. SAIF*, 319 Or 244, 248, 875 P2d 459 (1994) (the board's first task is to determine which provisions of the Workers' Compensation Law are applicable), and because the board's determination is supported by substantial evidence, we conclude that the board properly applied the last injurious exposure rule[.]"

*Id.* at 286. Here, the board found that claimant's full rotator cuff tear is "most appropriately characterized as a consequential condition claim" caused in major part by his 2006 injury at MPP. The finding that the 2006 injury is the major contributing cause of claimant's condition is supported by substantial evidence, as described above, and the board, based on that finding, correctly assigned liability according to the rules specified by the legislature.

The board's approach is required by the framework the legislature has specified for assigning responsibility in the context of a consequential condition:[7]

---

[7] The parties have not asked us to consider whether responsibility for claimant's full thickness rotator cuff tear should be governed by ORS 656.308(1), which provides that "[w]hen a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition[,]" and requires that the "major contributing cause" standard be applied to determine whether the worker has sustained "a new compensable injury involving the same condition" for which

"(A)   No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

"(B)   If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

ORS 656.005(7)(a). Legislative history shows that the limitations on the definition of "compensable injury" were added by the 1990 legislature with the intent "to make it more difficult to shift responsibility to a subsequent employer." *SAIF v. Drews*, 318 Or 1, 7, 860 P2d 254 (1993). *Drews* emphasizes statements of Representative Mannix during a public hearing of the 1990 Joint Interim Special Committee on Workers' Compensation:

*"'[T]his will do away with the current court interpretations of what is a new injury for responsibility purposes.* Do you hear that, judges on the Court of Appeals, members of the Board, when you read the transcript of this hearing? This does away with what they've been saying, which is if the subsequent employment contributed however slightly to the causation of the disabling condition, then all of that—I won't even go into all the standards that are there and you know that they are there. This says that there's going to have to be a new compensable injury and *this bill defines compensable injury* and so *if there isn't a new compensable injury under the definition of the law, then responsibility remains with the first employer.'"*

*Id.* at 7-8 (quoting Joint Interim Special Committee on Workers' Compensation, May 4, 1990, Tape 18, Side A) (emphases in *Drews*).

MPP, nevertheless, argues that the LIER applies to shift responsibility in a way not contemplated by the legislature, *i.e.*, to shift responsibility for claimant's full thickness

responsibility can be shifted from the original responsible employer. *SAIF v. Drews*, 318 Or 1, 9, 860 P2d 254 (1993).

rotator cuff tear to a later employer upon proof that work at the later employer partially contributed to progression from a partial to a full thickness tear. MPP relies on cases in which we have recited the general proposition that, "[i]f a claimant chooses not to rely on LIER's rule of proof and instead to prove that conditions at a particular employer actually caused the disease, that employer can defensively invoke LIER to shift responsibility to a subsequent employer." *Hoffman*, 193 Or App at 753 (citing *Willamette Industries, Inc.*, 151 Or App at 81).[8]

The board correctly recognized that the general proposition recited in *Hoffman* and *Willamette Industries, Inc.*, does not apply when it has determined that the disputed condition is most appropriately considered—as in *Webb*—a consequential condition caused in major part by a prior compensable injury. *See DiBrito*, 319 Or at 248 ("[T]he Board's first task is to determine which provisions of the Workers' Compensation Law are applicable."). Neither *Hoffman* nor *Willamette Industries, Inc.*, addressed a consequential condition claim. Moreover, neither applies the judicially created rule of responsibility to override the statutory rules of liability for consequential conditions.

The board's determination that claimant's 2006 injury was the major contributing cause of the full rotator cuff tear with impingement—a finding we already have determined is supported by substantial evidence—means that claimant's later work activity could not have been the major contributing cause. Under the framework established by the legislature, the board appropriately classified the claim as a consequential condition for which MPP is liable and appropriately declined to assign liability according to the LIER. We therefore affirm.

Affirmed.

---

[8] We cautioned in both *Hoffman* and *Willamette Industries, Inc.*, that LIER's rule of responsibility operates differently when an employer seeks to use it defensively: "'[A] necessary factual predicate for the defensive use of the rule of responsibility is proof that "the subsequent employment actually contributed to the worsening of an underlying disease."'" *Hoffman*, 193 Or App at 753 (quoting *Willamette Industries, Inc.*, 151 Or App at 81 (quoting *Spurlock v. International Paper Co.*, 89 Or App 461, 465, 749 P2d 611 (1988))).