Argued and submitted January 6, reversed and remanded for further
consideration September 27, 2000

## In the Matter of the Compensation of
## Marvin H. Benz, Claimant.

### Marvin H. BENZ
*Petitioner,*

*v.*

### SAIF CORPORATION
### and Blazer Industries,
*Respondents.*

(WCB No. 98-04562; CA A105703)

11 P3d 698

Greg Noble argued the cause and filed the brief for petitioner.

Jerome P. Larkin argued the cause and filed the brief for respondents.

Before De Muniz, Presiding Judge, and Wollheim and Brewer, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Claimant seeks reversal of an order of the Workers' Compensation Board upholding SAIF's denial of his occupational disease claim for bilateral hearing loss. Claimant asserts that the Board erred by reaching its own medical conclusion that occupational exposure to noise was not the major contributing cause of his hearing loss and that substantial evidence in the record does not support the Board's conclusion. We reverse and remand to the Board for further consideration.

Claimant has worked as an electrician for approximately 40 years. In 1987, he began working for employer Blazer Industries. Claimant was exposed to industrial noise of unknown levels throughout his employment as an electrician but did not have any significant exposure to noise that was not related to his employment. Between 1993 and 1996, claimant noticed increasing hearing loss. Claimant was tested in 1998 by an audiologist, Frink, who concluded, based on history provided by claimant and the degree and configuration of the hearing loss, that the hearing loss was "consistent with a noise induced hearing loss." He ultimately concluded that claimant's work exposure to industrial noise over the course of 40 years was the major contributing cause of his hearing loss.

Another audiologist, Dr. Ediger, examined claimant on behalf of SAIF. Although the results of his examination were quite similar to those of Frink, he concluded that, "for 11 years of work noise to be the major contributing cause in a man 61 years of age, the average noise level would have to exceed 100 dB. It is improbable that Mr. Benz worked in an average noise level of 100 dB at Blazer Industries." He therefore concluded that "work noise at Blazer Industries is not the major contributing cause of his hearing loss."

The administrative law judge (ALJ) evaluated both Frink's and Ediger's reports and concluded that Ediger was more persuasive "on claimant's initial occupational disease theory that his work at Blazer Industries caused his hearing loss." The ALJ then addressed claimant's theory that Blazer Industries was responsible for his hearing loss under the last

injurious exposure rule. Claimant argued, and the ALJ agreed, that Frink was the only expert who addressed the relevant causation question of whether his exposure to noise during his 40 years of work as an electrician was the major contributing cause of claimant's hearing loss. The ALJ concluded:

"The mere fact that *arguendo* Mr. Frink's opinion is not rebutted does not automatically meet claimant's burden of proof, because I have already ruled that Mr. Frink is not particularly persuasive in his opinion. It is true that, under the first prong of claimant's theory, my task was to determine whether Mr. Frink was more persuasive than Dr. Ediger whereas in regards to claimant's second prong of compensability that expert vs. expert decision does not appear to be the question. However, as I stated above, I have questions regarding Mr. Frink's methodology, and, therefore, I have questions regarding his conclusions, including his conclusion *vis a vis* claimant's second theory of compensability. It is claimant's burden to establish the elements of his case by a preponderance of the evidence, and I do not find Mr. Frink's opinion has met claimant's burden of proof."

The Board adopted the ALJ's findings of fact but substituted an alternative rationale for concluding that claimant had not met his burden of proof under the last injurious exposure rule:

"Claimant argues that Dr. Frink's opinion is persuasive because he is the only expert who evaluated the contribution from all prior work activity. While Dr. Frink's opinion is unrebutted, claimant's testimony and the history he gave Audiologist Rheinfelder [who works with Frink] and Dr. Ediger do not support Dr. Frink's assumed history of exposure to harmful noise levels. Thus, we are not persuaded that Dr. Frink's opinion is based on an accurate work history. For this reason, we affirm the ALJ's ultimate conclusion that Dr. Frink's opinion does not establish compensability of claimant's hearing loss under the LIER 'rule of proof.' "

Claimant seeks review of the Board's decision, arguing that the Board's conclusion that Frink's opinion was based on an inaccurate history was not supported by substantial evidence in the record. Claimant further asserts that

the Board's conclusion that he failed to establish a compensable occupational disease claim under the last injurious exposure rule is based on its own medical opinion and is unsupported by the record. We agree and reverse.

■    In *Roseburg Forest Products v. Long*, 325 Or 305, 309, 937 P2d 517 (1997), the court described the last injurious exposure rule:

> "[The last injurious exposure rule] imposes full responsibility on the last employer, from the time of the onset of the disability, if the claimant was exposed there to working conditions that could have caused the type of disease suffered by the claimant. *Runf v. SAIF*, 303 Or 493, 499, 739 P2d 12 (1987). The last injurious exposure rule is a rule of proof and a rule of assignment of responsibility. *Id.* at 500.
>
> "As a rule of proof, the last injurious exposure rule allows a claimant to prove the compensability of an injury without having to prove the degree, if any, to which exposure to disease-causing conditions at a particular employment actually caused the disease. *Ibid.* The claimant need prove only that the disease was caused by employment-related exposure."

By invoking the last injurious exposure rule, claimant here was required to produce evidence that his hearing loss was caused by employment-related exposure; he was not required to prove what degree of loss was sustained when working for any given employer.

■■    Expert medical opinion is required to establish the relationship, if any, between claimant's occupational noise exposure and his hearing loss. Although the Board may draw reasonable inferences from the medical evidence, it is not free to reach its own medical conclusions about causation in the absence of such evidence. *See SAIF v. Calder*, 157 Or App 224, 227-28, 969 P2d 1050 (1998) ("The Board is not an agency with specialized medical expertise entitled to take official notice of technical facts within its specialized knowledge.").

■    In this case, the Board rejected the only expert medical opinion that addressed the issue of claimant's hearing

loss over the 40-year course of his employment as an electrician for multiple employers. We address claimant's arguments about why the Board erred together because the factual and legal errors are interrelated. The Board's factual error was its conclusion that "claimant's testimony and the history he gave Audiologist Rheinfelder and Ediger do not support Frink's assumed history of exposure to harmful noise levels." We conclude that substantial evidence does not support that finding.

Rheinfelder's report indicated that claimant "denied significant noise exposure in previous jobs." Ediger's report indicates that claimant reported that "noise levels were lower" at his previous places of employment than at Blazer Industries. Claimant's testimony at the hearing did not include any statement as to the relative amount of noise at his various places of employment. He indicated that drill and saw noise was similar at all of his places of employment but that the earlier places of employment did not have air equipment. Frink concluded: "[Claimant] has worked as an electrician since 1961 and although he states his other jobs were not as noisy as Blazer Industries those jobs also could have contributed to his hearing loss." There is no inconsistency between Frink's conclusion and claimant's various statements to Rheinfelder and Ediger or his testimony at the hearing. That claimant himself felt his noise exposure at previous employments was not "significant" does not undermine Frink's expert opinion that his noise exposure was, in fact, medically significant. The record indicates that claimant worked for 40 years around similar noise and that his most recent employment at Blazer Industries involved similar but greater noise. Nothing in Frink's report is at odds with the information in the record on which the Board purported to rely in rejecting the expert opinion.

In order to reach its conclusion that claimant had no "history of exposure to harmful noise levels" at his previous places of employment, the Board substituted its own medical opinion about the harmfulness of claimant's previous exposure to noise for the medical opinion of the only expert who addressed the question. The Board's conclusion that claimant had no history of exposure to harmful noise levels is not a

reasonable inference that may be drawn from the available medical evidence in this record.

Reversed and remanded for further consideration.