No. 775      August 27, 2025      135

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Isaac R. Marholin,
Claimant.

Isaac R. MARHOLIN,
*Petitioner,*

*v.*

SAIF CORPORATION
and ASANTE,
*Respondents.*

Workers' Compensation Board
2203081;
A182361

Argued and submitted December 20, 2024.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was Law Offices of Jodie Anne Phillips Polich, P.C.

Daniel Walker argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

ORTEGA, P. J.

Affirmed.

_____
\* Lagesen, Chief Judge, vice Mooney, Senior Judge.

**ORTEGA, P. J.**

Claimant appeals from an order of the Workers' Compensation Board (the board) denying him permanent partial disability for an accepted injury that occurred at work. The board found credible the findings of both the medical arbiter and the attending physician of no impairment attributable to the accepted condition and, thus, concluded that claimant did not qualify for permanent partial disability under ORS 656.214. After reviewing the record, we conclude that the board's findings were supported by substantial evidence and that the board correctly applied the legal standard. Accordingly, we affirm.

Claimant injured his left shoulder at work while moving a patient in bed in June 2021. Shortly thereafter, SAIF Corporation accepted claimant's injury as a left shoulder strain. Several doctors monitored claimant's condition and, in November, an independent medical examiner concluded that claimant's remaining medical complaints were no longer attributable to the accepted condition as of September 2021. Claimant's attending physician agreed with the independent medical examiner's analysis. In February 2022, SAIF closed claimant's compensation claim and found, based on a review of his medical records, that he was not entitled to permanent partial disability.

Claimant sought reconsideration and asked to be examined by a medical arbiter. Dr. Grunwald, who performed that examination, found that claimant's range of motion was severely restricted, raising "concerns for a possibly voluntary limitation during testing." Additionally, claimant's muscle strength was significantly less than what was reflected in his medical records. The arbiter was called upon to "indicate if the findings are valid for the purpose of rating impairment" and, if not, to provide detailed and specific reasoning. His response was as follows:

"During testing, the claimant demonstrate[d] a significantly diminished range of motion of the left shoulder. He also demonstrate[d] significant hypersensitivity to the light touch of the cervical spine, trapezius, and posterior shoulder, which is out of proportion to what would be expected from an injury that occurred almost one year prior. There

are serious concerns of potential voluntary limitations and somatoform overlay and hypersensitivity. Upon records review claimant demonstrate[d] greater range of motion and strength than we are seeing on today's examination. Also, there is not noted to be significant hypersensitivity upon light touch as was noted on our exam today which is out of proportion to the nature of the injury of shoulder strain and has not been noted in previous exams which again raises questions of somatoform overlay."

The arbiter's lack of further explanation in the form is consistent with a determination that all of the impairment findings are invalid.

The Appellate Review Unit (ARU), in an Order on Reconsideration, concluded that claimant was not entitled to permanent partial disability because the arbiter had determined that the impairment findings were invalid. In an Order on Review, an administrative law judge (ALJ) disagreed with the ARU's analysis, but ultimately reached the same conclusion. Instead of relying on the arbiter's examination, which the ALJ found to be unreliable, the ALJ found the assessment of claimant's attending physician, Dr. Wilson, to be more credible. Wilson concluded that claimant's impairment was not due to the accepted condition, but to other conditions reflected in the medical record. The ALJ affirmed the ARU's order, and claimant appealed to the board, which ultimately found, like the ARU, "that the record reflects that [the arbiter] considered the findings to be invalid."

Claimant asserts on appeal that the board erred in finding that the arbiter's examination supports the conclusion that the findings were invalid and that, consequently, there was no impairment to the accepted condition. He argues that the arbiter's stated concerns about inconsistencies in the medical record compared with his own examination and the disproportionate sensitivity and pain claimant was displaying did not render the findings invalid.

We review the board's factual findings for substantial evidence and its legal conclusions for errors of law. ORS 183.482(8)(a) and (c). Upon closure of a claim for workers' compensation, the insurer is tasked with calculating

the amount of disability benefits due to the claimant, if any, based on impairment. *See* ORS 656.262(7)(c) (2016), *amended by* Or Laws 2021, ch 47, § 1; Or Laws 2022, ch 73, § 2 (explaining the process for closing a claim). Impairment is defined as "the loss of use or function of a body part or system due to the compensable industrial injury or occupational disease determined in accordance with the standards provided under ORS 656.726 * * *." ORS 656.214(1)(a). Impairment must be "established by a preponderance of medical evidence based upon objective findings." ORS 656.726(4)(f)(B). Impairment is established by findings of loss due in material part to the accepted condition, unless the medical arbiter determines that the findings are invalid. *See* OAR 436-035-0007(11) (June 7, 2022). When a medical arbiter is used, "impairment is established based on objective findings of the medical arbiter, except where a preponderance of the medical evidence demonstrates that different findings by the attending physician are more accurate and should be used." OAR 436-035-007(5)(b) (June 7, 2022). In reviewing the record, the board is permitted to "draw reasonable inferences from the medical evidence * * *." *Benz v. SAIF*, 170 Or App 22, 26, 11 P3d 698 (2000).

Here, the board's application of OAR 436-035-0007(11) was not legally erroneous, and its interpretation of the arbiter's report was supported by substantial evidence. In applying OAR 436-035-0007(11), the board reasoned that the arbiter's report was sufficient to find claimant's examination findings invalid based on his explanation regarding "serious concerns" as to claimant's potentially voluntary limitations, somatoform overlay, and hypersensitivity that was out of proportion to the nature of claimant's injury, and ultimately accepted the arbiter's validity determination.

Additionally, a worker is entitled to permanent partial disability "due to" or "resulting from the compensable industrial injury or occupational disease" under ORS 656.214(1). Where there is no evidence of any impairment, valid or otherwise, due to the compensable injury, no award is applicable.

Furthermore, to the extent that claimant argues that he is owed permanent partial disability based on

findings of loss unrelated to the accepted condition, that argument is foreclosed by the holding in *Robinette v. SAIF*, 369 Or 767, 784, 511 P3d 1074 (2022) (holding that a claimant is not entitled to permanent partial disability when the workplace injury is not a material contributing cause of the finding of loss).

Moreover, even if the arbiter's opinion was rejected, claimant's attending physician opined that there was no permanent impairment due to claimant's accepted shoulder strain. Neither the medical arbiter panel nor the attending physician concluded claimant's findings of loss were valid or related to his accepted left shoulder strain condition.

Affirmed.